Lawrence v. Lane.

JOHN LAWRENCE, plaintiff in error, *v.* JOSIAH LANE, defendant in error.

*Error to Peoria.*

Where a party has paid money by compulsion under the judgment and process of a Court of competent jurisdiction, he will not be compelled to pay the same a second time.

No Court of Law, even with the assent of a debtor, has authority or power to appropriate the private property of one to the payment of another's debt.

Where a Court has no jurisdiction over the person or property of an individual, his interests cannot be affected by its judgment or decree.

The common practice in Courts of Chancery upon the foreclosure of mortgages, is, to decree a surrender of the possession and title papers by the mortgagor, and those claiming under him.

A person who acquires an interest in a suit, *pendente lite*, cannot be made a party defendant on the record, unless he personally assert his claim.

BILL IN CHANCERY to foreclose a mortgage, &c. filed in the Peoria Circuit Court by the defendant in error against

the plaintiff in error. The case was heard upon the bill and answer before the Hon. John D. Caton, at the May term 1847, when the usual decree of foreclosure was rendered.

The substance of the bill and answer is stated by the Court in their Opinion.

*E. N. Powell,* for the plaintiff in error, relied upon the following points and authorities.

I. This cause being set for hearing upon bill and answer, the answer is to be taken as true, and no evidence shall be received unless it be matter of record to which the answer refers. Rev. Stat. 96, § 32.

II. The answer of Lawrence shows that he was summoned as garnishee, at the suit of Arthur Tappan *et al. v.* Alexander P. Lane, and that, upon filing his answer to the interrogatories filed in said suit, a judgment was rendered against him for the amount due on the mortgage. The answer to this bill makes an exhibit of these proceedings in the attachment suit, a part of his answer herein. The answer of Lawrence to the interrogatories in the attachment suit, clearly shows that the money due upon the notes and mortgage was really and *bona fide* due to Alexander P. Lane. This answer in this suit, then, is to be taken as true; there can be no doubt that the judgment against the plaintiff in error would be a bar to this suit. The complainant has so elected to consider it, and the proceedings in the attachment suit shows that the money due upon the notes and mortgage, was really and *bona fide* due to Alexander P. Lane. Then this being the case, what right has the defendant in error to recover money which he admits, by not denying the truth of the answer, belongs to another and that that money has been attached in the hands of plaintiff in error, in a suit against the person who really and *bona fide* was the person to whom it was due.

III. Where a party has been compelled by a Court of competent jurisdiction, to pay a sum of money, no Court will compel him to pay it a second time. 3 Term R. 127, 128, 130; *Holmes* v. *Remsen,* 4 Johns. Ch. R. 467; *Embree & Collins* v. *Hanna,* 5 Johns. 101; *Holmes* v. *Remsen,* 20 do. 229.

A garnishee can plead the recovery, even though the plaintiff did not prove his debt, and even though the original debtor had not notice, in fact, of the attachment. *Holmes* v. *Remsen*, 4 Johns. Ch. R. 467; *Andrews* v. *Herriot*, 4 Cowen, 521, note.

Where the maker of a note was sued as garnishee in Georgia, and compelled to pay the money as debtor to the maker of the note, though it was indorsed *bona fide* to a citizen of Massachusetts, before the suit in Georgia was commenced; yet it was held by the Court in Massachusetts, on a suit by the indorsee, that the proceedings in Georgia were a bar. *Hull* v. *Blake*, 13 Mass. 153. And it may be laid down as a principle without exceptions, that a person compelled by a competent jurisdiction to pay a debt once, shall not be compelled to pay it over again. Ibid.; 4 Johns. Ch. R. 467; *Embree & Collins* v. *Hanna*, 5 Johns. 101.

The answer clearly showed that Shane was interested in the suit, and he was not made a party. The rule is, that if the answer disclose an interest in a third person in the subject matter of the suit, that person should be made a party. *Herrington* v. *Hubbard*, 1 Scam. 569.

Shane, as fully appears from the answer and exhibits, claimed the premises in the bill mentioned, by virtue of a sheriff's deed executed on a sale on execution issued upon the judgment rendered against plaintiff in error, as garnishee. He was interested, as the decree requires him to surrender up the possession of the premises, and the decree might otherwise affect his rights.

*L. B. Knowlton*, for the defendant in error, cited *The People's Bank* v. *The Hamilton Manufacturing Co.*, 10 Paige, 481; 3 Powell on Mort. 964, 990; *Cook* v. *Mancius*, 5 Johns. Ch. R. 96; *Reed* v. *Marble*, 10 Paige, 409; Story's Eq. Pl. § 225, § 193; Ibid. § 228; 6 Maddock's Ch. R. 231.

*Powell*, in reply.

It is said by the counsel for the defence, that a mortgagor cannot dispute his mortgagee's title. This may be true, but certainly the mortgagee is not precluded from showing

that the mortgage has been satisfied, by the payment of the mortgage debt. This is what is alleged by the plaintiff in error.

The case referred to in 10 Paige, (*Reed* v. *Marble*,) only decides that the assignee of a mortgage must give notice of the assignment to the mortgagor, in order to protect himself against a *bona fide* payment of the mortgage debt. But this case decides more, and is decisive of this case; that the owner of the equity of redemption must be made a party to the foreclosure.

But it is said, that Shane comes into his interest in the matter in suit, *pendente lite*, and the case of *The People's Bank* v. *The Hamilton Manufacturing Co.*, 10 Paige, 480, and 3 Powell on Mort. 990, are referred to in support of this position.

These authorities assert what no one will deny, that a purchaser, *pendente lite*, need not necessarily be made a party. But these cases do not determine what will constitute a *pendente lite*, so as to dispense with the necessity of making a person who becomes interested a party.

To constitute *pendente lite*, there must be a bill filed and subpœna served, and the following authorities are referred to in support of this position. 1 Vernon, 318; ibid., 286; 29 Eng. Ch. R. 444; *Bennett's Lessee* v. *Williams*, 5 Ohio, 292; 3 do. 541.

The Opinion of the Court was delivered by

PURPLE, J. On the 27th day of July, 1841, Lawrence, the plaintiff in error, executed to Josiah Lane, defendant in error, a mortgage upon certain lands in Peoria county, conditioned for the payment of four hundred and fifty dollars in ninety days from the date of the same. On the 12th day of October, A. D. 1843, Lane filed his bill in Chancery in the Circuit Court of said county to foreclose this mortgage. The cause was continued from term to term to October, 1844, when Lawrence appeared and filed his answer, in which he admits the execution of the mortgage as charged in the bill. He then proceeds to state, that on the 15th of

August, 1842, Lewis Tappan and others commenced an attachment suit against one Alexander P. Lane, in the Circuit Court of said county of Peoria, which, on the day following, was served on him, (Lawrence,) as garnishee; that at the October term 1842, the plaintiffs in said attachment suit recovered a judgment against said Alexander P. Lane for $2151·42; that interrogatories were filed to be answered by Lawrence touching his indebtedness to the said Alexander P. Lane, to which he made the following answer: "The said John Lawrence says, that he had no lands, tenements, goods, chattels, effects or estate of any kind in his possession or under his control, at the time of the service of the garnishee process, or at any time since; nor does he know of any person who is indebted to him, the said Lane.

" This respondent further says, that on or about the month of August, A. D. 1841, he purchased from Josiah Lane, the father of the said Alexander P. Lane, a tract of land for eight hundred dollars, and paid part down, and gave his promissory notes for four hundred and fifty dollars, one of which was for four hundred dollars, payable in three months from date, or in about that time, and the other for fifty dollars payable in good promissory notes on other persons; that the land purchased was purchased from Josiah Lane and the deed taken from him; but this respondent has no doubt, but that the said Alexander P. Lane was the real *bona fide* owner of said land, and that the sale was made by him and for his benefit, and that the notes taken in his father's name were for his benefit, and that it was so done to keep his creditors from reaching it, and that the amount due upon the said notes is really and *bona fide* due to said Alexander P. Lane.

" This respondent further shows to the Court, that the amount due from this respondent to said Lane now amounts to the sum of $450·00, there having been payments made which leave that sum now due;" that upon the filing of this answer, the Court, on the 12th of October, 1842, entered a judgment against him as garnishee of said Alexander P. Lane for the amount of $450·00, being the sum then due upon the notes and mortgage executed by him to Josiah

Lawrence *v.* Lane.

Lane aforesaid; that on the 17th of November, 1842, an exe-
cution was issued upon this judgment, which, on the same
day, was levied upon the premises described in complainant's
mortgage, which, on the 22d of December, 1842, were sold
to Elihu N Powell and William F. Bryan for $491·36; that
on the 23d day of March, 1844, Powell and Bryan assigned
their certificate of purchase to one David Shane, who, on the
23d day of September following, (the time of redemption
having expired,) received from the sheriff of Peoria county
a deed for the premises so sold as aforesaid; that the said
sum of 450·00 was all that was due from him to said Alex-
ander P. Lane, at the time of the rendition of the said judg-
ment upon the said garnishee process; and that said judg-
ment was for the same money, the collection of which was
sought to be enforced by the bill to foreclose the mortgage
before mentioned.

The cause was set down for hearing upon bill and answer,
and at the October term 1847, a decree was made, appoint-
ing a day for the payment of the money due upon the mort-
gage, which was ascertained by the Court to amount to the
sum of $582·55; and that in default thereof, that the mort-
gaged premises be sold by the Master in Chancery, and the
money arising therefrom, applied in payment of the sum due
by the mortgage, and costs of the foreclosure, and the sur-
plus, if any, retained by the Master, subject to the order of
the Court; that the defendant should be foreclosed of his
equity of redemption, and that he, and all persons claiming
under him, should surrender the possession of the mortgaged
premises and title papers to the purchasers.

The counsel for the plaintiff in error contended: 1st, that
David Shane should have been made a party defendant to
the complainant's original bill, the answer of Lawrence dis-
closing, that he had an interest which might be affected by
the decree; 2nd, that Lawrence, having been served with a
garnishee process in the suit of Tappan *v.* Alexander P.
Lane, and a judgment having been rendered against him for
the amount due on the mortgage, the same is thereby satis-
fied; and that having once paid the money, or the same

having been made out of the mortgaged premises, he can not be compelled to pay it again, and that the complainant in the Court below had no right to foreclose his said mort- gage; and 3rd, that there was error in that part of the de- cree, which enjoins the surrender of the possession of the premises, as against Lawrence, and those claiming under him.

This is certainly an anomalous proceeding, and presents a question, which, at the first view, would appear somewhat embarrassing. While on the one hand it cannot be ques- tioned, that where a party has paid money by compulsion, under the judgment and process of a Court of competent jurisdiction, he will not be compelled to pay the same a sec- ond time; yet, it is equally clear, that no Court of Law, even with the assent of a debtor, has authority or power to ap- propriate the private property of one to the payment of an- other's debt. The answer of Lawrence in this case discloses these facts: that Josiah Lane had a mortgage against him for $450: that, on being served with a garnishee process in the suit of Tappan and others against Alexander P. Lane, he admits in answer to interrogatories, that he owes that amount upon the mortgage, and states, without offering any reason for his opinion, that he believes that Alexander P. Lane is the equitable owner of the sum of money secured thereby; and permits a judgment to pass against him for that amount, and the land which had been mortgaged is sold on execution, and the proceeds applied in part payment of Tappan & Co's judg- ment against Alexander P. Lane; to all which proceedings, Josiah Lane is an entire stranger, having had no day in Court, and no opportunity to contest or assert his rights; and when he seeks to foreclose his mortgage, he is, for the first time, met with an objection, which, when rendered into plain English is, that by the judgment of a Court of Law, his money has been taken and applied to the use of another person, because the mortgagor, his creditor, entertained the belief that he, the mortgagee, was not the equitable owner of the mortgage. The Court is unanimously of opinion, that so far as the pres- ent defendant in error, Josiah Lane, is concerned, the pro-

ceedings in the attachment suit are wholly void; that the Court neither had jurisdiction over his person, nor his property. No suit or proceeding whatever had been instituted, or was pending against him. It was a matter in which, if he had had actual notice of it, he would have had no right to interfere, either by way of objection, interpleader, exception or appeal.

There is no principle of justice or law, which will thus deprive a man of his property without trial or notice. It is not to be presumed that the judgment upon the garnishee process, set out in the answer of the plaintiff here, was rendered with a full knowledge of the facts. No Court would render such a judgment, unless there was some misconception of the circumstances of the case.

We take the answer of the plaintiff to be true, and from that answer we can come to no other conclusion, than that there was collusion between Tappan & Co. and the plaintiff here, to devise some means to make the defendant's money pay the debt of Alexander P. Lane. If Josiah Lane really was not, and Alexander P., in equity *was* the owner of this mortgage, it was not the place to contest or decide that question upon a garnishee process in an attachment suit between Tappan & Co. and Alexander P. Lane.

The cases referred to in support of the principle, that a person who has once been compelled to pay money, by the decree of a Court of competent jurisdiction, shall not be compelled to pay the same again, do not meet this question. In all those cases, the proceedings were against the party, whose interests were to be affected by the judgment or decree, and there was either actual or constructive notice given to the party, whose money or effects were to be appropriated, not in payment of another's, but of his own debt. They were contests between creditors of the same debtor, in which the garnishees, who owed the debtor, or had effects of his in their hands, had, upon a proceeding directly against the debtor under a judgment of a Court of competent jurisdiction, been compelled to pay to one, and in which the Courts very properly determined, that such payment, or a

judgment without payment, would bar any subsequent claim
against him for the same demand. Thus, in the case of
*Holmes et al.* v. *Remsen et al.,* executors of Clason, 4 Johns.
Ch. R. 460, one Mullet, who resided in England, became a
bankrupt, and under the law of England, assigned his effects
to commissioners. Clason, who resided in New York, was
indebted to him at the time of his assignment. The agent of
Clason, residing in London, had money belonging to Clason
in his hands, which, by process from the Lord Mayor's Court,
was attached, and judgment entered against him, by which
he was compelled to pay over the money to the assignees of
Mullet. An attachment was issued in New York against the
effects of Mullet, as an absent debtor, under the laws of that
State, and the plaintiffs, being appointed trustees for the ben-
efit of the creditors of Mullet, claimed of the executors of
Clason, payment of the sum of money due from Clason to
said Mullet. It was held, that Clason's executors, having
once been compelled, through their agent, by the judgment
of a Court of competent jurisdiction, to pay the money, the
plaintiff's claim against them was barred.

The same principles and nothing farther, are repeated in
5 Johns. 101, 20 do. 229, in a note in 4 Cowen, 521, and 13
Mass. 153.

Unless there is something outside of this case, which does
not appear by the bill or answer, it is not easy to perceive
how the plaintiff here is injured by this decree. The mort-
gaged premises have already been sold, and, as he asserts,
purchased by the assignors of Shane, who has a deed from
the sheriff under the sale which vests all his equity of re-
demption in said Shane; and as the decree only proceeds
against the land, and those claiming under the mortgagor, to
require them to surrender the possession, and does not in fact
make him personally liable for the money due thereon, we
cannot see from the record, that the decree can operate to
his prejudice.

It is the common practice in the Courts of Chancery in
this, and many other of the United States, upon the foreclos-
ure of mortgages, to decree a surrender of the possession

and title papers by the mortgagor, and those claiming under him. In this there was no error.

It is not necessary to decide whether David Shane, would, under other circumstances, have had such an interest in the suit, as would have made it necessary to have made him a party defendant to the bill of foreclosure. If he had such an interest, he acquired that interest pending the litigation between these parties, and it is unnecessary to refer to authorities to show, that a party thus situated is not entitled, unless, at least, he asserts his claim himself, to be made a defendant on the record.

The decree of the Circuit Court is affirmed with costs.

*Decree affirmed.*