## PETITION OF FRANK S. ARNOLD, Receiver, in *Fogg, Potter & Co. vs. Providence Lumber Company.*

While proceedings were pending against A. and B., copartners, for the appointment of a receiver of their property under Pub. Stat. R. I. cap. 237, § 13, "Of proceedings in insolvency," A. made an assignment of his individual property to C. The receiver after his appointment petitioned the court for an order upon A. and C. requiring them to join in a conveyance to him of the assigned realty, and to transfer to him the assigned personalty.

*Held*, that the assignment was subject to the doctrine of *lis pendens.*

*Held*, further, that the petition of the receiver should be granted.

PETITION for an order of the court. The facts involved are stated in the opinion.

*May* 9, 1885. TILLINGHAST, J. This is a petition filed by the receiver of the defendants, praying for a writ of attachment against Eben Allen, one of the defendants, for contempt of court in refusing to comply with a decree thereof in said case, and also praying that Harmon S. Babcock, Esq., the assignee of said Allen, be ordered to join in a deed of conveyance to said receiver of the real estate belonging to said Allen at the time of the making of his assignment to said Babcock, and also to deliver up possession to him of all the personal estate of every kind, includ-

ing books of account, papers, evidences of property, debts, and *choses* in action of said Allen.

The facts are as follows, namely : On the 19th day of February, 1885, the plaintiffs filed a petition in equity against the defendants under Pub. Stat. R. I. cap. 237, § 13, known as the insolvency law, for the appointment of a receiver. This petition was subsequently granted and a decree entered therein on March 23, 1885, appointing Frank S. Arnold, Esq., receiver, " to take possession of all the property, evidences of property, books, papers, debts, *choses* in action, and estate of every kind, of said Providence Lumber Co., and of said Jesse Burdett and Eben Allen, as co-partners under the firm name and style of the Providence Lumber Company, and individually, including any estate and property attached or levied upon, within sixty days prior to the filing of said petition and remaining unsold, and including also all estate and property theretofore conveyed by said Providence Lumber Company, or by said Jesse Burdett and said Eben Allen, or either of them, in fraud of the rights of creditors, or in violation of the provisions of chapter 237 of the Public Statutes," . . . following substantially the language of the statute, and closing as follows : " And said debtors and each of them are hereby ordered to turn over and deliver up possession of all their aforesaid property and estate of every kind unto said receiver, that is now in their possession."

After the filing and during the pendency of said petition for the appointment of a receiver, the said Eben Allen, under the advice of counsel, made and executed an assignment of his individual property to said Harmon S. Babcock, for the purpose, as he claims, of dissolving certain attachments which had been made upon said property.

The defendants had made a voluntary assignment of all their partnership property and estate to Dexter B. Potter, before the commencement of the proceedings against them by the plaintiffs, and before any attachments had been placed upon their property.

The said Eben Allen had been served with the citation in said original proceedings before he made his individual assignment as aforesaid.

The plaintiffs contend, first, that the defendant Allen, by voluntarily disposing of his property by assignment pending said proceedings against the defendants, has been guilty of contempt of court.   The defendants contend that he had a right, notwithstanding the pendency of said proceedings, to convey his property in this, or in any other way that he saw fit; and that to hold to the contrary would result in a great hardship to the persons against whom such proceedings are commenced, by suspending all business transactions, and tying up all their property until a final decree should be made in the proceedings.

If the defendants' position is tenable, it is practically within the power of a defendant to render any proceedings against him under this statute entirely nugatory.   For he has only to dispose of the property which the creditors are seeking to reach, by making some sort of conveyance thereof, pending the proceedings against him, and thereby leave absolutely nothing for the final decree to operate upon.   This would be, at once, a fraud, both upon the creditors and upon the law.   It would be allowing creditors to pursue the shadow only, while the real thing sought would constantly elude their grasp.

We think that the position taken by the defendants is untenable, and that the doctrine of *lis pendens* is clearly applicable to the proceedings, namely, that the voluntary alienation of property pending a suit, by a defendant therein, is not permitted to affect the rights of the parties to the suit; and also that every person purchasing *pendente lite* is treated as a purchaser with notice, and is subject to all the equities of the persons under whom he claims in privity.   *Murray* v. *Lylburn,* 2 Johns. Ch. 441, 445; *Brightman* v. *Brightman,* 1 R. I. 112, 119; *Sedgwick* v. *Cleveland,* 7 Paige, 287; *Norton* v. *Birge,* 35 Conn. 250, and cases cited; *Harmon* v. *Byram's Adm'r,* 11 W. Va. 511; *Murray* v. *Ballou,* 1 Johns. Ch. 565, 577, 581; *Lawrence* v. *Lane,* 9 Ill. 354; *Kern* v. *Hazlerigg,* 11 Ind. 443.   See, also, Story Eq. Plead. §§ 156, 351; 1 Story Eq. Juris. § 406.

The defendants also contend that, even if the court should hold that said conveyance was wrongful on the part of said Allen, and constituted a contempt of court, yet the court has no jurisdiction, under the proceedings instituted, to order said Babcock to join

with said Allen in a deed of conveyance of said assigned property to the receiver, said Babcock not being a party to said original proceedings; and further, because the property of the defendants not being especially described in the original proceedings, the doctrine of *lis pendens* does not apply so as to bind him. They also urge that the proceedings against said Babcock should be by bill in equity or action at law, and not in the manner instituted.

We do not think that either of these positions is tenable. It is true that the assignee of said Allen has not been made a party to the original proceedings, nor is there any occasion that we can see for making him a party thereto, or for filing a bill against him to compel a conveyance, for manifestly, if this were done, he could not be heard to urge any defence or equity whatever in his behalf, for he has none. Neither could he make any possible answer that would give him a moment's standing in a court of equity. He has been made a party to *this* proceeding, and has appeared before the court and been heard as such; and he does not claim to have any interest in or right of control over the property conveyed, except by virtue of the said assignment made to him under the circumstances aforesaid.

Furthermore, it is not a case in which the title has been transferred *pendente lite*, by operation of law, as in bankruptcy proceedings, where the assignee must be made a party before the suit can proceed. But it is a case where, by the mere voluntary act of the defendant pending proceedings against him for the recovery of the very property in question, he has transferred that property to another, who also, at the time, knew of, though not a party to, said proceedings. We think, therefore, that what has been said with regard to the debtor applies with equal force to the assignee who has been made such pending said proceedings against the insolvents. To allow him to take and hold possession of the debtor's property in this way, with power, as he manifestly would have, to again dispose of it, would defeat the main purpose and object of the law. For the person in possession of the property would have only to reassign or otherwise convey it, pending proceedings against *him*, and before final decree, and then say that it was beyond his power to turn it over to the receiver,

and thus keep the creditors in a fruitless chase after that which the law intends they shall have with the least possible delay.

As to the objection that the property was not sufficiently described in the original proceedings against the defendants, so as to affect it with the doctrine of *lis pendens*, we think it is enough to reply, that, although the defendants' property was not specifically described and itemized therein, yet, from the very nature and object of the proceedings, it must have been apparent to everybody that they were intended to include and cover all of the defendants' property of every sort and kind, and however described, except what was exempt by law; and we must hold that after the filing of such a proceeding, all persons who deal with the insolvent debtors concerning any of their property, do so at their own risk. "The principle of *lis pendens*," say the court in *Lewis v. Mew.* 1 Strob. Eq. 180, 183, "is that the specific property must be so pointed out by the proceedings as to warn the whole world that they meddle with it at their peril." We think that the property of the defendants was so pointed out by the original proceedings in this case. The prayer of the petition was "that a receiver of the property, books, papers, debts, *choses* in action, and estate of every kind of said Burdett and Allen, both as copartners as aforesaid and individually, may be appointed." This was sufficient, we think, to put all purchasers upon their guard, and *a fortiori* one who took a conveyance in the manner aforesaid.

The prayer of the petitioner, in so far as it asks that said Allen and Babcock be ordered to join in a deed of the real estate to the receiver, and that said Babcock be ordered to deliver up to him the personal estate of said Allen now in the hands and possession of said Babcock, is granted.

The petitioner does not ask for any further relief at the present time.                                        *Order accordingly.*

*Frank S. Arnold, pro se ipso.*

*Simon S. Lapham,* for Providence Lumber Company.

*Miner & Roelker,* for Eben Allen.