## In re ALTON MFG. CO.

(District Court, D. Rhode Island. January 7, 1908.)

### No. 733.

1. REPLEVIN—STATE LAW—JURISDICTION—NATURE OF PROCEEDING.

Under the Rhode Island law, an action of replevin is so far a proceeding in rem that, unless the res has actually been taken possession of by the officer, the court is without jurisdiction to determine the question of title.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Replevin, § 118.

Jurisdiction as affected by state laws, see note to Barling v. Bank of British North America, 1 C. C. A. 513.]

2. BANKRUPTCY—RECEIVERS—APPOINTMENT—TIME.

Where an order appointing a receiver in bankruptcy directed that he was appointed receiver of all goods, chattels, property, and effects of the bankrupt corporation, his appointment on his subsequent qualification dated from the entry of the decree.

3. SAME—RECEIVERS—RIGHT TO POSSESSION.

Where a seller of property to a bankrupt sought to recover the property in replevin, but the writ was not served until after an order of the

bankruptcy court had been entered appointing a receiver prior to adjudication, a subsequent levy was void as an infringement on the jurisdiction of the bankruptcy court; the seller not being entitled to ignore the receiver's right of possession, as the sale, even though voidable, vested title in the bankrupt, and title was still in the bankrupt at date of the appointment of a receiver.

In Bankruptcy. Receiver's petition for return of goods replevied by writ from the state court.

Edwards & Angell, for petitioners.

John W. Sweeney, for receiver.

O. H. Brogdan, for bankrupt.

BROWN, District Judge. An involuntary petition in bankruptcy against the Alton Manufacturing Company was filed November 18, 1907. On November 19th, at 9:30 a. m., upon petition, a receiver was appointed, and the amount of his bond was fixed at $25,000. The receiver's bond was filed about 1:30 p. m. Between the entry of the decree appointing a receiver and the filing of his bond, a writ of replevin from the state court was served, and a state officer took possession of goods—10 induction motors—which had been purchased by the Alton Manufacturing Company of the persons who were plaintiffs in replevin. The goods were seized while in the basement of the Alton Company's mill, and in the possession of said company or of its assignees. The act of bankruptcy charged in the creditors' petition was the making of a general assignment for the benefit of creditors.

The Supreme Court of Rhode Island has held that an action of replevin in that state is so far a proceeding in rem that, unless the res has actually been taken possession of by the officer, there is nothing before the state court, and the court is without jurisdiction to decide the question of title. Warren v. Leiter, 24 R. I. 36, 39, 52 Atl. 76.

If jurisdiction was acquired by the state court, it was not earlier than the time of seizure, about 11 o'clock a. m. We need not consider, therefore, whether the writ was sued out before the filing of the petition in bankruptcy, nor pass upon the petitioner's contention that the bankruptcy court acquired jurisdiction of the goods by the mere filing of an involuntary petition. See In re Weinger, Bergman & Co. (D. C.) 126 Fed. 875. It is enough to inquire whether the bankruptcy court had possession at any time before the seizure in replevin. It is true that the receiver had not filed his bond, nor taken actual possession, but the terms of the decree appointing him were positive—"It is ordered and decreed that Henry R. Segar of said Westerly be and he is hereby appointed receiver of the goods, chattels, property and effects of the Alton Manufacturing Company"—and, though he was required to give bond, his appointment dated from the entry of the decree, and preceded the seizure in replevin. The entry of this decree, in my opinion, conferred upon the bankruptcy court such jurisdiction of the goods of the bankrupt that a subsequent seizure under a writ of replevin from the State Court was unauthorized, and an interference with the possession of the bankruptcy court. White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183. It is true that in

that case there had been an adjudication of bankruptcy, and the entrance to the bankrupt's store had been locked by order of the referee before the seizure.

In the present case there had been no adjudication of bankruptcy, and no act of the receiver amounting to an actual taking of possession. For the preservation of the estate, however, a decree appointing a receiver had been entered; and, considering the nature of this decree, it seems to be unnecessary that it should have been followed by an actual seizure by the receiver in order to confer prior jurisdiction on the bankruptcy court.

In Farmers' Loan Co. v. Lake St. Rd. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667, the question of priority was considered; and it was said:

"Nor is this rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court; but it often applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in suits of a similar nature, where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected. The rule has been declared to be of special importance in its application to federal and state courts."

See, also, Arnold, Petitioner, 15 R. I. 15, 23 Atl. 31.

By the entry of the decree appointing a receiver, the bankruptcy court acquired jurisdiction of the bankrupt's property whether its title was absolute or voidable at the date of the entry of the decree. Even if a sale of property to the bankrupt was procured by fraud, it is not void, but voidable only at the election of the party defrauded; and until this election the title is in the purchaser. Whitford, Slocum & Co. v. Chace, 7 R. I. 322. A vendor who chooses to assert a right to avoid a sale which had not been avoided before the appointment of a receiver cannot be permitted to ignore the receiver's right of possession or the jurisdiction over the goods acquired by the bankruptcy court before the vendor's election to rescind. This jurisdiction attached irrespective of the assignment made by the Alton Company for the benefit of creditors, for the rule is the same whether the goods are held by the bankrupt or for him. In Bryan v. Bernheimer, 181 U. S. 192, 193, 21 Sup. Ct. 557, 45 L. Ed. 814, it was said that an assignee under a general assignment for creditors is an agent of the bankrupt for the distribution of the proceeds of his property. See, also, Whitney v. Wenman, 198 U. S. 539, 552, 25 Sup. Ct. 778, 49 L. Ed. 1157.

An order may be entered directing the return of the goods taken in replevin to the petitioner as receiver of this court.