UTICA,
August, 1829.

Chapman
v.
Andrews.

CHAPMAN *vs.* ANDREWS.

An action of *replevin* will not lie against a *receiptor* of goods taken by virtue of an execution, although the action, under the circumstances of the case, might be maintained against the sheriff, if the party becomes such receiptor at the request or by the consent of the defendant in the execution.

Where two persons were partners as *clothiers*, and took certain cloths, by the consent of the owner, in payment for their work, and divided them between them, and the share of one of them was subsequently taken under an execution against the original owner, *it seems* the other is an incompetent witness to prove the title of his partner to the cloths thus taken without a release from such partner.

THIS was an action of *replevin*, tried at the Rensselaer circuit in November, 1827, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

William Chapman (the plaintiff) and one Elbridge Green were partners as *clothiers*. In the year 1826, they were employed by one Robert Patterson to dress and finish a large quantity of satinets. In the fall of that year they divided between them 56 pieces of the satinets put into their hands by Patterson, each taking 28 pieces, on the allegation that Patterson was indebted to them in a large sum of money for work done, and had authorized them to retain as much of the satinets as would satisfy their demand. About the 1st January, 1827, the 28 pieces of satinet taken by Chapman, being in a mill of which Chapman and Green were tenants, were levied upon by a deputy of the sheriff of the county of Rensselaer, by virtue of an execution on a judgment of this court against Patterson; and when the deputy was about removing the goods, Green who was present, proposed that Chapman should procure Andrews (the defendant) to become receiptor for the goods. Chapman declined, saying he had no intercourse with Andrews, but told Green he might procure him to receipt the goods if he chose. Andrews was applied to by Green and consented; the goods were carried to Andrews' house, and the plaintiff assisted in their transportation. For this taking of the goods the action was brought.

Green proved the partnership between himself and Chapman, their employment by Patterson, his indebtedness to them, and consent to their retaining as many of the goods as would satisfy their demand, and the subsequent partition of the 56 pieces of satinets between them. He was objected to as an interested witness, whereupon he executed a release to Chapman of all claims he had or might have in conse-

quence of this suit, when, though the objection was persisted in by the defendant, the presiding judge permitted him to testify.

The defendant moved for a nonsuit on the ground that the goods in question having come to the possession of the defendant by the consent of the plaintiff, an action of replevin could not be maintained. The judge refused to nonsuit the plaintiff, and charged the jury, that it was immaterial wheteer the goods were committed to the possession of Andrews with the consent or at the request of Chapman or not ; that the law regarded the receiptor as the agent of the sheriff, and therefore no demand was necessary before suit brought. The jury found a verdict for the plaintiff, which was now moved to be set aside.

*A. Vanderpoel*, for the defendant. The defendant having obtained possession of the goods by the consent of the plaintiff, replevin will not lie. Replevin can be maintained only where trespass will lie. Although the remedy of replevin of late years has been greatly extended, still a *tortious taking* is required to be shewn, or the plaintiff must fail. (1 Wendell, 109.) Even *trover* cannot be brought against a receiptor until after a demand. (9 Johns. R. 361.) The charge of the judge was therefore erroneous.

Green was directly interested. He and Chapman were partners, and, according to his testimony, were joint owners of the 56 pieces of satinet by the consent of Patterson. They made partition, and on the title of Chapman failing, Green would be liable to him under the implied warranty of title, or compellable to account for a proportion of the satinets received and retained by him. The release came from the wrong quarter.

*J. P. Cushman*, for the plaintiff. The goods being the property of the plaintiff and not of the defendant in the execution, under color of which they were taken, the sheriff is liable as a trespasser, and if so, the defendant also is liable. He received the goods from the sheriff, the plaintiff had already been divested, and the receipt was given to the sheriff;

he was therefore the agent of the sheriff, and not of the plaintiff. The defendant procured the trespass, [the counsel here adverted to some of the facts in the case, shewing that the defendant had probably given information to the creditors of Patterson as to the goods in question, and had acknowledged he had done so in consequence of hostile feelings to the plaintiff,] which is sufficient to support the action against him. (Starkie's Ev. 1445. 2 Phil. Ev. 134.)

Green was a competent witness. One partner may bring an action for *tort* and recover for his own share. The partnership can be objected only by plea in abatement, and if not so plead, the partner may recover in his own name. (1 Chitty, 53. 2 Strange, 820. 1 Montague, 148.) The implied warranty on partition of lands, is a warranty only against the acts of the party himself. Apply that rule to this case, and Greene could not be responsible. Besides, on a partition or division of personal property the law implies no warranty.

*By the Court*, SAVAGE, Ch. J. This case presents two questions: 1. Will replevin lie under the circumstances here disclosed: 2. Was Green a competent Witness? The doctrine of this court I consider as settled, that replevin lies for such a taking as will sustain an action of trespass *de bonis asportatis*. Was the defendant guilty of any trespass? Upon the facts found by the jury, the deputy sheriff was a trespasser in levying on the goods; but in that act the defendant was not concerned, either as a party to the execution or levy. The defendant received the goods as the servant or agent of the officer at the request of the plaintiff; for though the plaintiff himself did not speak to the defendant to become the receiptor, yet Green did, who acted for the plaintiff and at his request, and the plaintiff assisted in carrying the goods to the defendant's house. Would trespass lie under these circumstances? I think not. There was no tortious taking which is necessary to maintain trespass or replevin. Either of these actions would lie against the deputy sheriff who made the levy, and trover perhaps might be maintained against the defendant after conversion. But the defendant did not become a trespasser by receiving the goods at the request of

both parties. Suppose the sheriff had carried the goods from Stephentown to Troy, and there put them in store for safe keeping; would the store keeper who had them in custody be a trespasser? Clearly not. Neither was the defendant.

2. Was Green a competent witness? The facts proved to shew his interest were, that the plaintiff and Green were partners in dressing cloth, and as such received the cloths in question, and were to have a stipulated compensation for dressing them. Upon this statement of facts, the witness was as much interested as the plaintiff, and should have been rejected. The judge decided that Green was interested. A release was then produced from the witness to the plaintiff, from all claim and demand arising out of this suit, or the subject matter of it. He was then considered competent. But it seems to me there was an interest still remaining, arising out of the situation of those parties. Suppose the plaintiff's title had failed; would not the plaintiff have had a claim against Green, either to contribute to the loss thus sustained on goods which they had divided, the title to the one half of which had failed, or to account to the plaintiff for the one half of the goods which he retained as a compensation for their joint services? I am inclined to think he would have had such claim; and this could only be removed by a release from the plaintiff to the witness.

I am of opinion, therefore, that Green was interested; but whether he was or not, the action of replevin does not lie upon the facts proved in this case.

A new trial must be granted; costs to abide the event.