## ENGLISH v. DALBROW.

### April 1, 1836.

*Rule to show cause why the writ should not be quashed.*

Where a writ of replevin is issued at the suit of A *against* B, for goods which are levied on by the sheriff, and in his custody on a *fieri facias* against B, the court will not summarily quash the writ.

The act of April 3d, 1799, declaring replevins for goods under execution, &c., erroneous and void, applies only to cases where the sheriff or public officer is made the defendant in the writ of replevin.

Replevin can only issue against the person having, at the time, the actual possession of the goods claimed.

THIS was a writ of replevin issued at the instance of *English* against *Dalbrow* under the following circumstances:

*Summerill* obtained judgment against the defendant, *Dalbrow,* and issued a *fieri facias,* which was levied upon a light wagon in his possession. A short time afterwards, and while the wagon was in the actual custody of the sheriff under this levy, *English* sued out this writ of *replevin* for the same wagon, against *Dalbrow* as defendant, and placed it in the sheriff's hands. Whereupon the sheriff applied for and obtained a rule to show cause why this replevin should not be quashed.

*Williams,* as counsel for the sheriff, cited the 2d section of the act of April 3d, 1779, "declaring replevins &c., in certain cases, to be erroneous and void." *Purd. Dig.* 786.

[English v. Dalbrow.]

*Jack,* (who was counsel for *English*) was stopped by the court.

PER CURIAM.—This case does not fall within the act of assembly. In *replevin* the writ should issue against the person having at the time the *actual* possession of the goods claimed; and the act of assembly is framed in reference to this known state of the law. It is adapted to the circumstance of an *officer* of law, having goods in his custody by legal process, being made the *defendant* in the replevin. Such a writ the 2d section declares to be "*irregular, erroneous and void,*" and directs it to be *quashed*.

That the act applies to such defendants *only,* is, if possible, rendered more plain by the provisions of the 3d section, which requires the court, besides quashing the writ, *to award treble costs to the defendant.* This would be absurd as respects a *defendant* standing as *Dalbrow* does in relation to the subject of controversy, but eminently just to the *officer,* whose discharge of duty is sought to be prevented by the replevin. This section also invests the court with *discretionary* power to order an *attachment* against any prothonotary or clerk who grants the writ of replevin, knowing the same to be for goods or chattels taken in execution, &c. Where the writ issues against a *public officer,* such as the sheriff, whose name and functions are necessarily well known to the prothonotary, the *fact* of his being made *defendant* would be sufficient to put the prothonotary on inquiry, and if he neglected so obvious a duty, an *attachment* would be his proper desert; but where the defendant is a private individual, and the writ is directed to the *sheriff* himself for execution, it would be pragmatical in the prothonotary to inquire about it. Had the legislature contemplated a case of the latter description as embraced by the act, it would have been unwise to clothe the courts with even this *discretionary* power.

It has been stated by the plaintiff's counsel that his design was not to interfere with the regular course of proceeding by the sheriff under the *fieri facias,* but to suffer the replevin to remain in his hands unexecuted, until after the sale of the wagon, and then direct it to be taken from the sheriff's *vendee.* There is no doubt replevin will lie against the sheriff's vendee to recover goods wrongfully taken in execution and sold. Shearick *v.* Huber, 6 *Binn.* 4, is an authority for this. But it is equally certain that to effect this purpose the sheriff's vendee must be made the defendant, otherwise the sheriff would be a trespasser. Although, therefore, we do not interfere with

I.—V

the writ of replevin, we do not see that it can be of the least benefit to the plaintiff. On a sale of the wagon to a third person, the sheriff will deliver it to the purchaser, and if the plaintiff desires to contest his right to retain it, he will be under the necessity of procuring a writ against him.

Rule discharged.

