## WEED ET AL. V. HILL ET AL.

### September 4, 1837.

#### *Demurrer.*

1. Replevin A. *v.* B. Defendant pleads that he "had a lien upon the said goods and chattels in the said declaration mentioned, for a large sum of money, to wit, for the sum of seventy dollars, for freight and storage," *Held,* bad on demurrer.

2. Plea in replevin, that the goods "at the time of issuing the said writ of replevin in this suit, had been levied on and seized by the sheriff of the county

of Philadelphia, acting by virtue of his said office, under the authority of the state," *Held*, bad on demurrer.

3. Plea in replevin, that the goods " were, at and before the time of issuing the writ of replevin in this suit, by sundry writs of foreign attachment levied on, seized, and attached by the sheriff, &c., acting by virtue of his said office, under the authority of the state, and were in custody of the law, *in the hands of said defendants*, and to all which writs of foreign attachment they, the said defendants, were summoned as garnishees," *Held*, bad on demurrer.

4. A plea, to be good, should state the facts on which the defendant relies, not a conclusion from facts, which is matter of law.

5. Generality in pleading is allowable, but not to an extent which omits statements necessary to constitute a defence, or permits a number of specific acts to be stated in mass in one general allegation.

6. To bring a case of replevin within the second section of the act of April 3d, 1779, declaring replevin, &c., in certain cases to be erroneous, &c. it must appear that the goods, when replevied, were in the possession, custody, or control of the sheriff.

THIS was an action of replevin brought by Nathaniel Weed, and others, against David Hill and others, for a quantity of dry goods. The plaintiffs declared in the usual manner, and the defendants filed twenty pleas. 1st, *Non cep.* 2d, 3d, 4th, Property not in plaintiffs, but in third persons, different in each of these pleas. 5th. Property in defendants. The following were the sixth, seventh, and eighth pleas, viz:

" 6. And the said defendants, with the leave of the court, further say, that they come and defend the wrong and injury, when, &c.; and say that the said plaintiffs ought not to have or maintain their aforesaid action thereof against them the said defendants ; *because they say that they the said defendants had a lien on the said goods and chattels in the said declaration mentioned, for a large sum of money, to wit, for the sum of seventy dollars, for freight and storage :* and this the said defendants are ready to verify ; wherefore, they pray judgment and a return of the said goods and chattels to be adjudged to them."

" 7. And the said defendants, with the leave of the court, further say, that they come and defend the wrong and injury, when, &c.; and say that the said plaintiffs ought not to have or maintain their aforesaid action thereof against them ; because they say that the said goods and chattels in the declaration mentioned, theretofore, to wit, *at the time of issuing the said writ of replevin in this suit, had been levied on and seized on by the sheriff of the county of Philadelphia, acting by virtue of his said office, under the*

[Weed et al. v. Hill et al.]

*authority of the state:* and this the said defendants are ready to verify; wherefore, they pray judgment and a return of the said goods and chattels to be adjudged to them."

" 8. And the said defendants, with the leave of the court, further say, that they come and defend the wrong and injury, when, &c.; and say that the said plaintiffs ought not to have or maintain their aforesaid action thereof against them; because they say that the said goods and chattels in the said declaration mentioned, *were at and before the time of issuing the writ of replevin in this suit, by sundry writs of foreign attachment, levied on, seized, and attached by the sheriff of Philadelphia county, acting by virtue of his said office, under the authority of the state, and were in the custody of the law, in the hands of the said defendants, and to all which writs of foreign attachment, they, the said defendants were summoned as garnishees.* And this the said defendants are ready to verify; wherefore, they pray judgment and a return of the said goods and chattels to be adjudged to them."

The remaining twelve pleas averred respectively that the goods and chattels by foreign attachment, naming the dates, terms, numbers, and parties in each writ, (the defendants therein being the third persons or strangers named in the 2d, 3d, and 4th pleas,) " were levied on, seized, and attached by the sheriff of Philadelphia county, acting by virtue of his said office under the authority of the state, and *were in the custody of the law, in the hands of said defendants*, and they the said defendants were summoned as garnishees."

The plaintiffs replied to the first plea by taking issue on it; to the second, third, fourth, and fifth pleas, property in themselves.

6. The plaintiffs demurred specially to the sixth plea, and assigned the following causes of demurrer, viz.:—1. That the defendants do not say in their plea by whom or to whom the said freight mentioned is owing, or for what transportation. 2. That the freight is not said to be due or owing for the transportation of the goods in the declaration mentioned. 3. That the amounts respectively of the freight and storage mentioned in the said plea are not set forth; and that 4th, the storage is not stated to be due or owing for the goods in the declaration mentioned, nor is it stated by whom it is due, nor to whom.

7. The plaintiffs demurred specially to the seventh plea, and

[Weed et al. .v. Hill et al.]

assigned the following cause of demurrer, viz.: that it is not stated in said plea, upon what judgment, at whose suit, how, when, or wherefore the said goods were levied on or seized by the sheriff.

8. The plaintiffs demurred specially to the eighth plea, and assigned the following cause of demurrer, viz.: that the said plea does not state at whose suit, for what cause, how, or where the said goods have been attached.

9. The plaintiffs demurred generally to the 9th, 10th, 11th, 12th, 13th, 14th, 15th, 16th, 17th, 18th, 19th, and 20th pleas.

*Reed*, for the plaintiff.
*Perkins*, for the defendant.

Cases cited: Reed *v.* Pedan, 8 *S. & R.* 263; English *v.* Dalbrow, 1 *Miles* 160; *Stephens on Pleading* 421, 237; Thompson *v.* Button, 14 *Johns.* 86; Gardner *v.* Campbell, 15 *Johns.* 401; Clark *v.* Skinner, 20 *Johns.* 465; Act of 1705, relating to attachments; Act of April 3, 1779, relating to replevins, &c.

The opinion of the Court was delivered by

Stroud, J.—The sixth plea, which is the first in order to which the demurrer applies, states merely, that "the defendants *had a lien* on the goods and chattels in the declaration mentioned, for the sum of seventy dollars for freight and storage." The existence of a lien, such as is here asserted, is a conclusion of law from particular facts. These, therefore, should have been pleaded; presenting to the opposite party the option of admitting them, but contesting their sufficiency in point of law by demurrer, or of denying them by a proper plea to the country. In its present form, this plea is incapable of trial either by the court or jury. "If fact is complicated with matter of law, so that it cannot be tried by the court or jury, the plea is bad: as if the defendant pleads, that *et licitè gavisus fuit bona felonum*, it will be bad: for the jury cannot determine whether he *lawfully* enjoyed, nor the court whether he enjoyed." 9 *Co.* 25, *a.* So, if the condition of a bond be that defendant will show a sufficient discharge of an annuity, it is bad if he pleads that he showed a sufficient discharge; for the jury cannot try whether it is *sufficient,* but he ought to show what discharge he gave, and the court will judge whether it be sufficient." *Ibid.*

11*

This plea is otherwise defective; no day being laid, and the past tense is used.

The seventh plea states, that " at the time of issuing the writ of replevin, the goods and chattels mentioned in the declaration had been levied on and seized by the sheriff of the county of Philadelphia, acting by virtue of his office under the authority of the state." It would be a waste of time to adduce any specific objection to a plea as indefinite as this. " The lottery act" which was put on paper in Reed *v.* Pedan, 8 *S. & R.* 263, *as* a plea, was not obnoxious to greater objection than this loose averment that the goods in question " had been levied on by a sheriff acting by virtue of his office," &c.

In regard to the eighth plea, although as an exception to the particularity usually required in pleading, a general mode of statement may be adopted, in order to avoid great prolixity, *Stephen on Plead.* 400 ; yet the matter of this plea is not embraced within the reason of that exception. This is fully shown by the succeeding pleas which display *seriatim,* the identical writs referred to, as " *sundry writs of foreign attachment.*" The dispensation of the general strictness of pleading which has been adverted to, has been the subject of objection as too indefinite in its character. 1 *Archb.* 211 ; *Stephen* 400. In *practice,* however, the objection has but little weight; for it can occasion but little difficulty in a given case to determine whether the dispensation is necessary. The rules essential to secure a *proper degree of certainty* in pleading, and the examples furnished by the books, are indicated by *Stephen,* as affording the best tests of its application. One of the cases he refers to is J'Anson *v.* Stuart, 1 *D. & E.* 748, in which these remarks by *Buller,* J. are contained :—' the rule of pleading is this, that wherever a subject comprehends multiplicity of matters, to avoid prolixity, generality of pleading is allowed ; as a bond to return *all* writs, &c. *But if there be any thing specific in the subject,* though consisting of a number of acts, *they must be all enumerated,* as on a covenant ' to enfeoff of all his lands,' *the covenanter in showing performance must state them all ;* so, if a person be bound ' to pay all the legacies in the will,' he must *specify them all, and aver payment of each ;* and the reason is, because all these facts lie within the knowledge of the party." *p.* 753.

But besides this general objection to this plea, there is a further

[Weed et al. v. Hill et al.]

one, which is common to this and all the succeeding pleas. It is averred that "the goods, &c." in the declaration mentioned, were at and before the time of issuing the writ of replevin in this suit, by sundry writs of foreign attachment, levied on, seized and attached by the sheriff of Philadelphia county, acting by virtue of his said office, under the authority of the state, and were *in custody of the law in the hands of the said defendants*, &c. "who were summoned as garnishees."

The design of this statement, we were informed on the argument, was to bring the defence within the protection of the act of assembly of 3d April, 1779, "declaring replevins, &c. in certain cases to be void." *Purd. Dig.* 875. We have decided in English *v.* Dalbrow, 1 *Miles* 160, that the statute is limited in its application to cases in which the possession of the goods, by the sheriff or other officer, is directly interfered with. And to this extent, the common law, independent of the statute, furnishes its aid *by way of defence* to the replevin, though not to *quash the writ*, on motion, as the statute expressly authorises. Gardner *v.* Campbell, 15 *Johns.* 401; Clark *v.* Skinner, 20 *Johns.* 465. The plea does not allege that the goods when replevied were in the possession, custody, or under the control of the sheriff, but on the contrary, it states, that they were *in the hands*—the *actual* possession of the defendants. It asserts, it is true, that the goods were *in the custody of the law* at this time. But this statement is obnoxious to the remark made upon the sixth plea, of facts complicated with law, and is vitious and must be rejected. If regarded as *surplusage*, the statement is, as I have before mentioned, that the defendants themselves were in the actual possession of the goods when replevied. And this would constitute no defence. It has been said, that the plea shows a *special property* in the sheriff at the time of the execution of the replevin, of the goods in question. Certainly this is not *directly* alleged; nor do I think that even *argumentatively*, (though this would constitute in itself a fatal objection,) this appears. The contrary is not only positively asserted, under the expression that the goods were *in the hands of the defendants*, but the statement which follows, that the defendants were summoned as garnishees, is altogether in harmony with that view, looking to the act of assembly of 1705, concerning foreign attachments, which directs the sheriff to *secure the goods unless the garnishee will give security therefor*. Supposing the sheriff to have done his duty, as we

[Weed et al. v. Hill et al.]

are bound to do, the fact that the goods after attachment were found in the hands of the defendants—*the garnishees in the attachments*—must be taken to imply that they were left there in consequence of security having been given to the sheriff by the garnishees.

But the rules of pleading exclude all inference and conjecture, especially in favour of the party pleading. "Pleadings must not be ambiguous or doubtful in meaning : and when two different meanings present themselves, that construction shall be adopted which *is most unfavourable to the parties pleading.*" Stephen 421, § V. *Rule II.*

The eighth plea is bad therefore on this latter ground also, and as all the succeeding pleas are liable to the same objection, the demurrer must be sustained throughout, and judgment entered accordingly.

Most of the difficulties which have arisen upon the pleadings in this case, might have been prevented if the defendants had pursued the usual and proper course in actions of replevin,—of an *avowry* (and *cognizance*, if the relation between them and the sheriff would admit of the latter)—instead of the special pleas. The strictness which all the forms of avowry show, would have kept the proceedings within bounds more convenient to the pleader and to the court. See *Stephen* 237, *note q ;* Thompson *v.* Button, 14 *Johns.* 86 ; Gardner *v.* Campbell, 15 *Ibid.* 401.

Judgment for plaintiffs on the demurrers.