## FULLER *vs.* TOWNSEND.

In trover, where the value of the property as well as the title to it, is in question, one who had sold it to the defendant is not a competent witness on his behalf, though he is so situated as to be liable to the plaintiff if the sale were unauthorized, as well as to the defendant on the warranty of title.

It would be a case of balanced interest if the value were fixed; but as the witness' liability to the defendant would be limited to the amount which the plaintiff might recover, he would have a pecuniary motive for undervaluing the property by his testimony. *Per* McKissock, J.

TROVER for certain cows and sheep. Plea, not guilty. The cause was tried at the Westchester circuit in November, 1844, before RUGGLES, late Cir. J.

It appeared that the property in controversy had belonged to the plaintiff, who had leased it with a farm to one Reynolds, who during the term sold it to the defendant. After the plaintiff had proved a *prima facie* case, the defendant called Reynolds as a witness, who was objected to by the plaintiff on the ground of interest. The defendant released him from all responsibility on account of the costs of the suit. The plaintiff persisted in his objection, insisting that the release did not extinguish his interest. The judge overruled the objection and the plaintiff excepted. Reynolds was sworn and gave evidence for the de-

Fuller v. Townsend.

fendant, among other subjects, as to the value of the property in question. After evidence had been given on the part of the defendant the judge nonsuited the plaintiff.

*W. Nelson,* for the plaintiff, moved to set aside the nonsuit on a bill of exceptions.

*C. Ganun,* for the defendant.

*By the Court,* McKissock, J. It is a clear proposition that Reynolds was under an implied warranty of the title to the property in question to his vendee, the defendant. Primarily, therefore, he was interested to defeat the plaintiff's action, and the general rule that a vendor of personal property cannot be a witness for his vendee in an action relating to the title prevails every where. (*Heermance* v. *Vernoy,* 6 *John.* 5 ; *Chapman* v. *Andrews,* 3 *Wend.* 240 ; 1 *Greenl. Ev.* §§ 397, 8 ; 1 *Stark. Ev.* 109; *Phil. ed.* 1837 ; *Phil. Ev.* 332 *and note; Green.* v. *The New River Co.,* 4 *T. R.* 590 ; 2 *Cowen's Tr.* 429, 3d *ed.*)

But it is said that in this case the interest of the witness is balanced—that if the plaintiff recover he is answerable to the defendant for the value of the property, and to the plaintiff if the defendant prevail. Allowing the general proposition to be as above stated, still is the witness competent, as being indifferent between the parties? Although a verdict in this cause would not be evidence between him and the plaintiff, still a verdict against the defendant would be evidence in his favor, of the recovery here and the amount of it, in an action brought by him against the witness for a breach of warranty of the title to the property in question. This would be so whether the defendant in that cause had regular notice of the pendency of this suit or not. (1 *Stark. Ev.* 109, *note* 1, *Phil. ed.* 1837 ; 1 *Phil. Ev.* 332 ; *Cowen & Hill's Notes, pp.* 816, 821.) But it would also, in such an action, be the measure of damages to be recovered against the defendant; to which would be added the cost in this suit, provided the vendor had proper notice of its pendency. The same reason which limits the plaintiff's recovery in an action for selling his property under a void

Vol. V.*                    24

.authority, to the money which his agent paid as a purchaser at the sale, would restrain the vendee in a suit against his vendor for failure of title to personal property, to the amount recovered against him in consequence of such failure. (*See Baker* v. *Freeman,* 9 *Wend.* 36.) True, there are cases in which it is said that the amount of damages in actions on a warranty of title to personal property is the value of the property. But those were actions of replevin and the like, where the property is wholly gone from the vendee. In *Blasdale* v. *Babcock,* (1 *John.* 517,) which was an action by a vendee against the vendor of personal property, the amount that had been recovered against the former by the true owner, was adopted both by the court and the counsel as the measure of damages. Suppose then the property in question in this cause to be really worth one hundred dollars, and that Reynolds should, by his testimony, induce the jury to give a verdict for twenty dollars, he would be compelled to pay the defendant only the twenty dollars, and the defendant would thus escape from the payment of four-fifths of what was the just claim of the plaintiff, the loss of that amount necessarily falling on the latter.

The witness was therefore not indifferent between the parties, but had a strong interest to reduce the verdict against the defendant as low as possible. His situation is like that of a servant against whose master an action is pending, for his negligence, where the servant has never been considered an indifferent witness. (1 *Phil. Ev.* 56 ; *Cowen & Hill's Notes, p.* 106.)

It is insisted, however, that the case of *Marshall* v. *Davis,* (1 *Wend.* 109,) has determined this question. It was there held by this court that the wife of the vendor of personal property was a competent witness for the vendee to establish his title. But when *that case is examined it* will not appear to conflict with the rule already indicated for the government of this case. The vendor's wife was offered by the vendee, who was the defendant, to prove that her husband owned the horse in controversy, and had a right to sell him to the defendant. But as there was no pretence that the vendor had notice of the pendency of that suit, the verdict and judgment would not be

evidence against him that the title to the property was in the plaintiff in the cause, if it should be so determined. There was then no way in which the vendor could be interested in controlling the verdict, except in reducing the amount of damages; and as the case was replevin, the plaintiff did not seek to recover the value of the property, as it had been restored to him, but only the damages for detention, the amount of which had been agreed upon by the parties before the witness was offered. *Marshall* v. *Davis* is therefore not an authority for the defendant on the point in question. In *Nix* v. *Cutting*, (4 *Taunt.* 18,) the court decided that the vendor was a good witness for the vendee, who was the defendant, to show that the plaintiff, the original owner of a horse, the property in dispute, had pledged it to him for a debt, with direction to sell if the debt was not paid according to the agreement. That case was peculiar in its circumstances, and whatever reasons were given for the determination, it is, I think, to be sustained only on the ground that the vendor stood in the position of an agent or factor. But the case has been disapproved of. (1 *Stark. Ev.* 109, *note* 1, *Phil. ed.* 1837; *Cowen & Hill's Notes, p.* 92.)

Upon the whole, then, Reynolds was an interested witness, and should have been excluded; and as the nonsuit was ordered in some degree upon the testimony given by him, it should be set aside.

New trial granted.