EDWARD C. WARREN *vs.* JOSEPH LEITER *et al.*

PROVIDENCE—MARCH 24, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Replevin. Procedure.*

The action of replevin, under Gen. Laws cap. 272, is so far a proceeding *in rem* that unless the *res* has actually been taken possession of by the officer there is no case before the court, and the court is without jurisdiction to try the question of title to the goods and chattels.

(2)  *Replevin.  Writ of Summons.*

Where there has been no taking of the property by the sheriff, as commanded in a writ of replevin, the action will not lie simply as a writ of summons.

REPLEVIN.    Heard on petition of defendant for new trial, and petition granted.

TILLINGHAST, J.    This is an action of replevin, and is brought to recover possession of two rotary motors, together with certain fittings belonging thereto, all of said articles, according to the allegation in the writ, being of the value of $2,750.

The case was tried in the Common Pleas Division, and resulted in a verdict for the plaintiff against the defendant, Alfred H. Hoadley, for the sum of $2,786.40 ; and the case is now before us on said Hoadley's petition for a new trial on the grounds that the verdict was against the evidence ; that the trial court erred in certain of its rulings in relation to the admission of testimony, in the statement of the law in its charge to the jury, and also in other matters, to which rulings exceptions were duly taken.

Upon the opening of the case to the jury, the defendant's counsel moved that the writ be dismissed, on the ground that no property had been replevied under the writ, and that it had been only served upon the defendant Hoadley as a writ of summons.    The officer's return upon the writ is as follows :

"I have this day made demand upon the within-named Alfred H. Hoadley for the within described property, which he refused to surrender.    I have also searched the premises of said defendants and fail to find it.    I have also summoned the within-named defendant Hoadley, by reading the within writ to him in his presence and hearing.    The defendant Leiter having no last and usual place of abode within my precinct, I have sent by mail postpaid and registered, an attested copy of this writ, addressed to him at 81 Clarke street, Chicago, Illinois, his place of address."

The ground of said motion to dismiss was that as there had been no replevin of the property in question, or any part

thereof, the court had no jurisdiction to render judgment in the case ; that the writ commanded the officer to replevy said goods, and that his return showed that he had not complied therewith, and hence that there was no valid service of the writ.

The court overruled the motion, and the defendant duly excepted thereto.

(1)    As we are of the opinion that this ruling was erroneous, and as the life of the case depended upon said ruling, there is no occasion for us to consider the numerous other questions raised by the petition.

The action of replevin is regulated by statute, Gen. Laws R. I. cap. 272, as amended by Pub. Laws R. I. cap. 815—passed since the bringing of this action—the primary object of which is to enable one who claims title, either general or special, together with the immediate right of possession thereof, in and to any goods and chattels, in the possession of another who refuses to deliver them to the claimant on demand, to possess himself thereof *in specie.*   And to accomplish this purpose the statute particularly specifies what steps the claimant shall take.

In the first place, a writ of replevin is issued which commands the officer to replevy the goods and chattels claimed, which must be so fully described as to make the same reasonably certain, setting forth the value thereof, and directing the officer, after obtaining the same, to deliver them to the plaintiff.   He is also directed to summon the defendant to appear in court on the return day named in the writ.

Before serving such writ, however, the officer must take from the plaintiff, or from some one in his behalf, a bond to the defendant, with sufficient sureties in double the value of the goods and chattels to be replevied, with condition to prosecute the writ to final judgment and to pay such damages and costs as the defendant shall recover against him, and also to return and restore the same goods and chattels in like good order and condition as when taken, in case such shall be the final judgment on the writ.

If at any time pending the writ the defendant be dissatis-

fied with the amount or the sureties in such bond, the court
has power in its discretion to order the plaintiff to give fur-
ther bond or further surety, which order, if not complied
with, results in a dismissal of the action and judgment for
the defendant for return and restoration of the goods and
chattels replevied and for his damages and costs.

If, upon trial of the writ, judgment shall be rendered for a
return and restoration, the defendant shall recover his reason-
able damages with costs of suit. If, however, the plaintiff
shall make good his plea, he shall recover of the defendant
his reasonable damages *for the taking and detention* of the
goods and chattels, and his costs. If he makes good his plea
for part of the goods, he obtains judgment for his reasonable
damages *for the taking and detention* of the part adjudged
to be his, with costs, while the defendant obtains judgment
for a return and restoration of the goods and chattels ad-
judged to him, with costs, in the discretion of the court. See
sections 6 and 7 of said chapter 272.

These provisions clearly show that the action of replevin in
this State is so far a proceeding *in rem* that unless the *res*
has actually been taken possession of by the officer there is
no case before the court, and hence nothing to try. In other
words, unless the goods and chattels which the writ com-
mands the officer to take, or some part thereof, shall, in fact,
have been taken by him, so as to enable the court to deal
therewith as provided in the statute, the court is without
jurisdiction to try the question of title to such goods and
chattels, which is the primary and underlying question in
such cases.

There is no provision which allows the jury to find for the
plaintiff in the value of the goods replevied. They can only
find damages for the unlawful taking and detention. The
verdict of the jury, therefore, in the case at bar, was wholly
without jurisdiction.

But the plaintiff's counsel contends that the action will lie
simply on a writ of summons and without any taking of the
property by the sheriff as commanded.

In support of this very novel contention in this State, he

cites a number of authorities from other States, in several
of which such a proceeding has been sustained.  But as
the action is everywhere regulated by statute, and as the
statutes of no two States, so far as we have examined them,
are alike, but very little aid can be obtained from the decis-
ions thereunder.  For instance, take the statute of Michigan
on replevin.  It provides, amongst other things, that : "If
the goods and chattels specified in any writ of replevin shall
not be found or shall not be delivered to the plaintiff, he may
proceed in the action for the recovery of the same or the
value thereof."  Compiled Laws of Michigan, 1897 (10,660).

Under such a statute it would be plain that the jury could
properly find such a verdict as was found in the case at bar.
But as we have no such statute, the cases based upon such a
provision are not relevant.

Take also the statute of Wisconsin, which provides that :
"In an action of replevin, if the property have not been
delivered to the plaintiff, or the defendant by his answer
claim a return thereof, the jury shall assess the value of the
property if their verdict be in favor of the plaintiff, or if they
find in favor of the defendant that he is entitled to a return
thereof, and may at the same time assess the damages if they
are claimed in the complaint or answer which the prevailing
party has sustained by reason of the detention or taking or
withholding such property."  Wis. Stat. 1898, § 2859.  Such
being the statute of that State, the cases cited by plaintiff's
counsel from the Wisconsin Reports are also irrelevant.

Again, take the statutes of Kansas on replevin.  Section
4619 of the Revision of 1901 provides that : "In an action
to recover the possession of personal property, judgment for
the plaintiff may be for the possession or for the recovery of
possession, or the value theroof in case a delivery cannot be
had, and of damages for the detention.  If the property has
been delivered to the plaintiff and the defendant claim a re-
turn thereof, judgment for the defendant may be had for a
return of the property, or the value thereof in case a return
cannot be had, and damages for taking and withholding the
same."

In view of that statute, the case cited from the Kansas Reports is not pertinent.

See also Laws of Delaware, Revised Code, 1852, as amended, etc., 1893, pp. 793–5 ; Wells on Replevin, § 151 ; Cobbey on Replevin, §§ 21–27 ; *Ramsdell* v. *Buswell*, 54 Me. 546.

In *Pomeroy* v. *Trimper*, 8 Allen, 398, cited by plaintiff's counsel, it is held that under the law in Massachusetts, as well as in England, Pennsylvania, and, it would seem, in New York, that when the defendant wrongfully puts it out of the power of the officer to execute the writ and deliver the property to the plaintiff, the latter may proceed in the cause and recover damages for the full value thereof, as well as for the detention. But, as already shown, such is not the law in this State.

Again, take the statutes of Arkansas, revision of 1894. Section 6397 provides that : "In actions for the recovery of specific personal property, the jury must assess the value of the property, as also the damages for the taking or detention, whenever by their verdict there will be a judgment for the recovery or return of the property." Section 6398 provides that : "In an action to recover the possession of personal property, judgment for the plaintiff may be for the delivery of the property, or for the value thereof, in case a delivery cannot be had, and damages for the detention. Where the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for the return of the property, or its value in case a return cannot be had, and damages for the taking and withholding of the property."

Other statutes containing similar provisions relating to the procedure in actions of this sort might be cited ; but the foregoing are sufficient to show that cases from other States bearing upon the question before us are not controlling thereon.

(2) Under our statute it has never been understood at the bar, or even suggested, heretofore, so far as we are aware, that an action of replevin would lie in any case unless the officer charged with the service of the writ was able to and did obey the precept contained therein to "*replevy*" the goods and

chattels specified and described therein, or some part thereof. And we think that this understanding and the uniform practice thereunder have been in full accord with the meaning and intent of said statute. And, further, that the construction necessary to be put thereon in order to sustain the action in question is clearly one which said statute will not bear.

· For the reasons above given, the exception to the ruling in question, as well as that to the refusal of the trial court to charge the jury that the action would not lie on the ground that the officer had not replevied said property, is sustained, the verdict is set aside, and the case is remitted to the Common Pleas Division with direction to dismiss the same in accordance with the defendant's motion, and give judgment for the defendant for his costs.

*Doran and Flanagan*, for plaintiff.
*Comstock & Gardner*, for defendants.