### Zeigle v. Shaver et al.

*Replevin—Property in custody of law—Automobile held by State police as evidence—Treble costs.*

1. An automobile taken or seized for evidential purposes by an officer of the State constabulary, acting in his office while making an arrest, and deposited by him in the prison yard awaiting the trial of the person arrested, is property in the custody of the law, and, as such, is not subject to replevin.

2. A writ of replevin having been issued for the recovery of such property is irregular, erroneous and void and will be quashed, upon motion, with treble costs to the defendants in accordance with the Act of April 3, 1779, 1 Sm. Laws, 470.

Replevin. Motion to quash. C. P. Montgomery Co., Feb. T., 1922, No. 145.

*Joseph S. Kratz* and *David R. Griffith, Jr.,* for plaintiff.

*Wm. F. Dannehower, Sr.,* and *Wm. F. Dannehower, Jr.,* for defendants.

MILLER, J., June 24, 1922.—Neither counter-affidavit nor answer was filed by plaintiff, who also submitted no depositions. The averments of defendants' affidavit *sur* motion to quash, supported by their depositions, show that one

King was arrested by the defendant, Shaver, and other officers while engaged in an alleged violation of section 20 of the Act of May 5, 1921, P. L. 407, in that he was unlawfully transporting intoxicating liquor for beverage purposes. The automobile in which he was riding and certain barrels found under his control were brought with him to Norristown and, at the direction of the first assistant district attorney, deposited by the police in the prison yard, where they still remain, to be used as evidence against him at the trial. He has not yet been tried because, after being admitted to bail for further hearing by the justice of the peace, he failed to appear. The police still insist upon holding the articles mentioned for the purpose stated.

The plaintiff, claiming to be the owner of the automobile, sued out this writ of replevin, and it was served by the sheriff on Corporal Shaver and the warden of the prison.

On the day following such service, a motion to quash was filed and this rule was obtained, defendants contending that the automobile is in the custody of the law and not subject to replevin.

The pertinent legislation is to be found in the Act of April 3, 1779, § 2, 1 Sm. Laws, 470, which provides that "All writs of replevin granted or issued for any owner or owners of any goods or chattels levied, seized or taken in execution, or by distress or otherwise, by any sheriff . . . or other officer, acting in their several offices, under the authority of the State, are irregular, erroneous and void, and all such writs may and shall, at any time after the service, be quashed (upon motion) by the court to which they are returnable, the said court being ascertained of the truth of the fact by affidavit or otherwise;" and section 3, which gives treble costs to the defendant or defendants in such writs.

This act, being remedial, is to be construed liberally: Pott *v.* Oldwine, 7 Watts, 173; Cunningham *v.* Wilmerding Borough, 38 Pa. Superior Ct. 20, 23. It requires only that the record should be self-sustaining: Seanor *v.* Fitt et al., 263 Pa. 391; but it must appear that the goods, when replevined, were in the possession, custody or control of the officer: Weed *v.* Hill, 2 Miles, 122.

A motion to quash under the act is much more far-reaching than ordinarily. It is not confined to cases of irregularity appearing on the face of the writ, but even under the Act of 1779, where the facts or the law arising on the facts is doubtful, a prudent judge would refuse to quash on an affidavit and would leave the party to his plea: Shaw *v.* Levy, 17 S. & R. 99.

That the automobile in question was taken or seized for evidential purposes by an officer of the State constabulary acting in his office when making an arrest is established by the affidavit and depositions. It was not, of course, taken in execution or by distress, but the words "or otherwise," as used in the act, are, in our opinion, sufficiently comprehensive to embrace this taking.

The case of Jones *v.* Pavey et al., 10 Dist. R. 498, on which counsel for defendants relies to show that it was taken under authority of the State, is not exactly in point, however. There the article, possession of which was sought to be obtained by the writ, was the subject-matter of an alleged larceny. Here, such is not the case. But there, Judge Evans, in quashing the writ, said in part: "But the magistrate having made no disposition of the ring in this case (see Act of March 31, 1860, § 52, P. L. 427), does it follow that the law loses its control over the stolen property pending the disposition of the criminal charge? We think not. The administration of the criminal court deems that it shall retain control of all evidence tending to throw light on the criminal charge, and the arresting officer is the agent of the criminal

court in retaining possession of the alleged stolen property until after the close of the prosecution."

The same is true of Cunningham *v.* Wilmerding Borough, 38 Pa. Superior Ct. 20, 23, in which, however, Judge Rice said, with his usual clearness: "It is not sufficient that the goods for which the replevin issues were seized by and are in the custody of an officer of the law. He must, in seizing and holding them, be acting under the authority of the State. If he had no process issued by some court, magistrate or tribunal having jurisdiction to issue such process, he must be able to point to some law or lawful ordinance authorizing him to seize private property without process, and hold it for a particular lawful purpose, and must satisfy the court that he seized and held it for that purpose." In seizing the property, he must be acting within the scope, or apparent scope, of his official power. In that contingency, it may be fairly said that he has complied with the only other requirement of the law—he was acting "under the authority of the State." Was such the case here?

The officers, when they took King, carried along what they then believed, and still believe, to be relevant and competent evidence to be used by the Commonwealth at his trial. The correctness of that belief, or the difficulty surrounding its introduction, is not now before us. They still hold it in good faith for that purpose. We find no Pennsylvania case directly in point, but that the law elsewhere sustains their action is well settled. The general principle is to be found laid down in 24 Am. & Eng. Ency. of Law, 505, as follows: "Where property is withheld by police officers as evidence against persons charged with crime, the owner, though not one of the persons charged with violating the law, has been denied the right to regain possession of the property by replevin."

In the very recent well-considered case of Good *v.* Board of Police Commissioners of Baltimore et al., 112 Atl. Repr. 294, in which it was decided that an automobile lawfully taken in possession and held by the Board of Police Commissioners for use as evidence in a criminal prosecution was not subject to replevin by a claimant, this whole subject was learnedly discussed at length. Amongst other cases relied on there was Getchell *v.* Page, 18 L. R. A. (N. S.) 253, in a note to which it is said that "it is the general rule, upheld by the great majority of the cases upon the subject, that a peace officer, while executing a criminal process, may take possession of articles for the purpose of evidence, and hold them for such purpose, and the officer will not be liable for trespass in so doing, nor is the owner entitled to recover possession thereof."

The opinion in the Good case also quotes the following language with approval: "It is not only the common practice, but the requirement of the common law, that articles which may supply evidence of guilt of a party accused, found in his possession or under his control, may be taken in possession of the officer officiating in making the arrest; and, indeed, it is the duty of such officer to take into his possession and retain such articles, subject to the power and direction of the court or justice having cognizance of the alleged crime. This principle is one of necessity in the administration of the criminal law, and it is generally recognized by the courts of the country with few, if any, exceptions."

It is by virtue of this time-honored principle that an officer arresting one for violating the statute prohibiting the carrying of a deadly weapon concealed upon the person, or committing any other crime, in the commission of which a weapon has been used, invariably seizes the weapon, if such is possible, to be used as evidence at the trial; and that the still is seized for the

same purpose in cases involving a violation of the Woner Act by unlawfully manufacturing intoxicating liquor for beverage purposes. Instances showing exercise of the police power in this regard might be multiplied indefinitely.

The criminal authority having jurisdiction may, doubtless, control its exercise and relieve the wronged party in case of oppression, but there is no such application now before us. This is an ordinary replevin in the Common Pleas, and there is nothing set up by the plaintiff to take the case out of the general rule. The automobile in question was properly seized by a member of the State constabulary while acting in his office under the authority of the State, and we are satisfied that it is being lawfully held for use as evidence at the trial of King on the charge of illegally transporting intoxicating liquor for beverage purposes. It relates directly to this charge. Replevin for it does not, therefore, lie, and the writ is irregular, erroneous and void. It may be that, as soon as the defendants become reasonably satisfied that there is no prospect of an early trial of King, or that the Commonwealth will not require the car for use as evidence at such trial, they will release it, but there is nothing before us at this time that would support an order in the Quarter Sessions compelling them to do so. See, generally, notes 11 A. L. R. 681, and 13 A. L. R. 1168.

And now, June 24, 1922, rule absolute, writ quashed and defendants are awarded treble costs.                    From Montgomery Evans, Norristown, Pa.