ALBANY,
January, 1817.

THOMPSON
v.
BUTTON.

THOMPSON *against* BUTTON.

*In an action of replevin, the defendant pleaded, 1. Non cepit; 2. an avowry averring the goods taken were the property of the defendant, to which the plaintiff replied, and took issue, &c. The jury having found a verdict for the plaintiff, generally, on the issue of non cepit, without any finding as to the other issue, the court gave judgment according to the verdict. Goods taken by a sheriff in execution, out of the possession of the defendant in the execution, being in the custody of the law, cannot be replevied; but if the officer, having an execution against A, undertakes to execute it on goods in the possession of B. B may bring replevin for them.*

IN ERROR to the court of common pleas of *Washington* county.

*Button* brought an action of replevin for *Cattle*, &c., against *Thompson*, in the court below. The defendant pleaded, 1. *Non Cepit*; 2. *An Avowry*, &c., that on the 6th of *February*, 1816, one *Samuel Morrison* recovered judgment against one *Samuel Whitney*, before a justice of the peace, &c., on which an execution was issued against the goods and chattels of the said *Whitney*, for 26 dollars and 37 cents, and that the said execution was delivered to him, the defendant, as a constable, &c., to be executed, &c., and so being constable, he, by virtue of the execution, seized and levied on the said one yoke of oxen, &c., as of the proper goods and chattels of the said *David Whitney*, to satisfy, &c., the said execution, according to law. And the defendant averred, that the said goods and chattels were the proper goods and chattels of the said *Whitney*, &c., without this, that the property of the said goods, &c., or any part thereof, at the time when, &c., was in the said *Button*, the plaintiff, &c. Wherefore, he prayed judgment, and a return of the said goods, &c. 3. An *avowry*, &c., that the defendant, as constable, took the goods, &c., by virtue of the said execution, &c. Wherefore, he prayed judgment, and a return of the goods, &c.

To the first *avowry*, the plaintiff *replied*, that the goods, &c. were not the proper goods of *David Whitney*, but were the proper goods, &c. of the plaintiff, &c., on which issue was taken. To the 2d *avowry* the plaintiff demurred, and the defendant joined in demurrer; and the court below gave judgment for the plaintiff on this demurrer; and on the issue of *non cepit*, the jury found a verdict for the plaintiff, and assessed the damages to six cents, on which the court below gave judgment. Nothing was said in the record as to the issue joined on the first avowry.

*Z. R. Shepherd*, for the plaintiff in error, contended, that replevin would not lie for goods taken in execution. Baron *Gilbert* so lays down the law.* It is true, he makes an exception

as to executions issued by courts of inferior jurisdiction; and cites the case of *Aylesbury* v. *Harvy*,† But in *Rex* v. *Monkhouse*,‡ the court granted an attachment against the under sheriff for replevying goods distrained on a conviction for deer stealing; so that the case relied on by *Gilbert* has been overruled. Judgments in the courts of justices of the peace are as absolute and final as those of any other court, until reversed for error. A justice of the peace may punish for a contempt. In *Alexander* v. *Mahon*,§ the court held, that where goods are taken in execution the landlord cannot *distrain* for rent in arrear; for the goods being, by the seizure under the execution, in custody of the law, it would be, *ex vi termini*, repugnant that it should be lawful to take them out of that custody.‖

Again; issue was joined on the second *avowry*, whether the property of the goods was in the plaintiff or not; and the jury have not found the fact: they only find for the plaintiff, on the issue of *non cepit*. It appears, by the record, that the other issue between the parties has not been tried; the judgment below was, on this ground also, erroneous.

*Skinner* and *Martindale*, contra, contended, that to support this action it was only necessary to show possession by the plaintiff, and a wrongful *taking* by the defendant; and they relied on the case of *Pangburn* v. *Patridge*,** in which it was decided, that replevin lies for any *tortious* taking of property out of the possession of another. The case of *Alexander* v. *Mahon*, is different from the present; there the property of the goods was never in the landlord. The reason and policy of the law is in favour of the remedy by replevin in this case.

The omission in the record, as to the second issue, was matter of form, and will not, therefore, render the judgment erroneous.

*Shepherd*, in reply, said, that the provisions of the act to prevent abuses and delay in actions of replevin,†† showed that the legislature considered replevin as a remedy only in cases of distress. There is nothing in the statute to countenance the notion that it intended to give this remedy in the case of goods taken in execution, and in the custody of the law.

THOMPSON, Ch. J., delivered the opinion of the court. This case comes before the court on a writ of error to the common

ALBANY,
January, 1817.

THOMPSON
v.
BUTTON.

* *Gilb. on Re-plev* 154. (3d edition.)
† 3 *Lev* 204.
‡ *Str.* 1184.

§ 11 *Johns. Rep.* 185, 186.

‖ *Woodfall's Tenant's Law,* 389. (2d ed.

** 7 *Johns. Rep.* 140.

†† 1 *N. R. L.* 95. sess.11. cb. 5, s. 3, 5.

pleas of *Washington* county. The action was *replevin*, for certain articles alleged to have been taken by *Thompson*, the defendant below, who pleaded the general issue, and also avowed the taking, under and by virtue of an execution in his hands, as constable, on a judgment recovered by *Samuel Morrison*, against *David Whitney*, The judgment and execution are duly set forth in the avowry, with an averment that the goods were the property of the said *David Whitney*, the defendant in the execution. There is also a second avowry without any averment as to the right of property. To the first *avowry* issue is taken. To the second there is a general demurrer and joinder, and judgment for the plaintiff below on the demurrer; and a verdict for the plaintiff upon the general issue; but no verdict appears to have been found particularly upon the issue as to the right of property.

The first question is, whether this omission will render the judgment erroneous. The case of *Hawks* v. *Crofton,* (2 *Burr.* 698.) is very much in point to show that this omission is to be deemed matter of form, and does not vitiate the judgment. That was an action of trespass, assault, and battery, to which the defendant pleaded not guilty, and *non assault demesne,* on which issue was joined. Upon the trial, the jury found the defendant, generally, guilty, and no verdict, particularly, on the other issue. The case came before the K. B. on writ of error, and the judgment was affirmed. The court said, that where the intention of the jury is manifest and beyond doubt, the court will set right matters of form, and the mere act of the clerk; and the rule as laid down in *Hob.* 54. is recognised as correct, that though the verdict may not conclude formally and punctually in the words of the issue, yet, if the point in issue can be concluded from the finding of the jury, the court will work the verdict into form, and make it serve. The same rule is recognised by the supreme court of *Massachusetts,* in *Hodges* v. *Raymond,* (9 *Mass. Rep.* 316.) In the case before us, it is very evident that the jury would not have found the defendant guilty upon the general issue, if he had made out his justification, according to the avowry. The intention of the jury cannot, therefore, be mistaken; and the omission to enter a verdict applicable particularly to the second issue, is mere matter of form.

The next question is, whether the plaintiff below could

sustain an action of *replevin*, as the property was taken and held by the defendant, under an execution. This execution, as appers by the record, was against *David Whitney;* and we are warranted, also, from the record, to assume, that the property was taken by the defendant below, out of the possession of *Button,* the plaintiff below, and not out of the possession of *Whitney,* the defendant in the execution. As a general principle, it is, undoubtedly, true, that goods taken in execution are in the custody of the law, and it would be repugnant to sound principles to permit them to be taken out of such custody, when the officer has found them in, and taken them out of the possession of the defendant, in the execution. The utmost extent to which the case of *Pangburn* v. *Patridge*, (7 *Johns. Rep.* 142.) can be carried is to permit *replevin* to lie where an action of trespass might be brought. But if an officer, having an execution against A., undertakes to execute it upon goods in the possession of B., he assumes upon himself the responsibility of showing that such goods were the property of A. And if he fails to do this, he is a trespasser by taking them. The case, then, falls within the principle in *Pangburn* v. *Patridge.*

The judgment of the court below must, therefore, be affirmed.

Judgment affirmed.