Reese, J.
delivered the opinion of the court.
In this case the defendant below pleaded in short, nil debet, payment and set off, which pleas were not noticed by the plaintiff, and of course, as is admitted, amount to nothing. But the defendant also pleaded, “that usurious interest had been reserved and secured in the writing obligatory,” and the plaintiff filed a replication on oath, denying the usury.
There was no similiter put in. The case was brought to trial before a jury who were summoned to try the issue, &e., and who rendered their verdict, “that the defendant had not paid the debt in the declaration mentioned,” and assessed damages for its detention, taking no notice whatever of the plea of usury. Tó sustain this verdict, or rather the judgment thereon rendered in the court below, we have been referred to the cases reported in 14 John. 86: 2 Burrow, 698, and 9 Mass. *85 Rep. 316. The principle of those cases is, that the court will sustain the verdict of a jury, if its sense or legal effect malees a response to the pleadings. But even- that liberal principle will not embrace this case; for the statement of the jury, that the defendant had not paid the debt demanded in the declaration, does not show that any consideration or judgment of theirs touching the usury was involved in their finding. And as far as some of the cases referred to go, we should have to carry the principle of intendment much farther in order to sustain the judgment of the circuit court upon this verdict. Let it be reversed. ■