JOSEPH CARROLL v. JAMES GRAHAM.

In an action of assumpsit, in which the defendant had pleaded both the general issue and the statute of limitations, and the case was submitted upon both issues to the jury, who returned as their verdict only that the defendant did promise as alleged; *Held*, on motion in arrest of judgment, that the verdict was sufficient, it appearing to the court to be a necessary conclusion from the whole record, that the jury had considered all the issues, and found upon them against the party moving in arrest.

ASSUMPSIT, in which the defendant pleaded, firstly, that he never promised, and, secondly, that he did not promise within six years. The case was submitted on both issues, to a jury, who returned a verdict that the defendant did promise, as alleged by the plaintiff, and assessed damages in the sum of $250.

The defendant now moves in arrest of judgment, assigning for reason that the verdict does not find all the issues submitted, it not finding that the defendant did promise within six years.

*Tillinghast, for defendant :—*

I. The verdict having found but a part of the issue, viz., the general issue and not the statute of limitations, the judgment must be arrested. Gould's Pleading, ch. x, § 56, p. 522 ; *Kierle & Walker* v. *Shriver*, 11 Gill & John. 405 ; *Patterson* v. *United States*, 2 Wheat. 221.

*Neville, for plaintiff :—*

I. Verdicts should be construed favorably, and if a verdict can be construed out of the finding, to the point in issue, the court will work it into form and make it serve. *Foster* v. *Jackson*, Hobart's R. 54.

II. When the general issue and a special plea are pleaded, a general finding for the plaintiff is sufficient, if it be apparent that the verdict could not have been so found had the special plea been supported. *Hawks* v. *Crofton*, 2 Burrows, 698 ; *Thompson* v. *Button*, 14 Johnson's R. 84 ; *Hodges* v. *Raymond*, 9 Mass. 316 ; *Porter* v. *Rummery*, 10 Ib. 64 ; *Browning & Justice* v. *Skillman*, 4 Zabriskie (N. J.) 355 ; *Harris* v. *Tiffany & Co.* 8 B. Monroe (Ken.) 225.

III. The omission of the jury to find on the special plea is, at most, but a want of form, or an error of the clerk, and is amendable under our statute of jeofails. Rev. Stats. ch. 184, § 4.

IV. The substance of the verdict is correct, as it gives the plaintiff the amount claimed, and had the defendant made out his special plea, the statute of limitations, the jury could not have assessed damages at all for the plaintiff.

BRAYTON, J. . To this action, which is an action of assumpsit, the defendant pleaded, first, the general issue, that he never promised, and, secondly, the statute of limitation, that he did not promise within six years. Upon both these pleas issues were framed, and both issues were submitted to the jury. Their verdict, however, as drawn up by the clerk, finds only that the defendant did promise in manner and form as the plaintiff alleged, and finds damages for the plaintiff in the sum of two hundred and fifty dollars, without returning expressly whether the promise was within six years or not.

The defendant now moves in arrest of judgment, for that the verdict does not find all the issues submitted, in that they have not found that the defendant did promise within six years.

In form, the verdict does not prove the promise to have been made within six years. The question is, if the jury did substantially pass upon both issues?

It is said, in *Foster* v. *Jackson*, Hob. 54 : " But however the verdict seem to stray and conclude not formally or punctually unto the issue, so as you cannot find the words of the issue in the verdict, yet if a verdict may be concluded of it to the point in issue, the court shall work it into form and make it serve." *Hawkes* v. *Cooper*, 2 Burrows, 698, action for assault and battery ; plea, not guilty as to *vi et armis* and issue thereon ; as to special damages, plea of *non assault*, replication *de injuria* and issue thereon ; verdict guilty of the trespass within written, and found damages £850. " The question," said Lord Mansfield, " is, whether this verdict is so uncertain that the court cannot give judgment upon it. . I think that Mr. Ashurst's principle is true and just, that where the intention of the jury is manifest and beyond doubt, the court will set right the matters of form and

the mere act of the clerk." The whole court concurred in holding that the meaning of the finding was plain, and that as it was only an omission of the clerk in point of form that the verdict was not more particular than it was, that the jury could not have found as they did unless the defendant had failed in proving his justification.

Verdicts are not to be taken strictly, but the court will collect the meaning of the jury if they give such a verdict that the court can understand them. In *Toe* v. *Adlam*, (cases temp. Hardwick,) and on this ground, and because the court could understand from the verdict that the defendant had not proved his justification, they gave judgment for the plaintiff, notwithstanding the want of form in wording the verdict.

The principle of the preceding case is recognized and acted upon in *Thompson* v. *Button*, 14 John. 84, in an action of replevin, in which defendant pleaded first, *non cepit*, and secondly, property in another with an avowry, and the jury found only on the issue of *non cepit* for the plaintiff, saying nothing of the other issue, and judgment was given on the ground that the jury could not have found thus, unless they had found that the justification was not made out.

But it must appear to be the necessary conclusion from the whole record, that the jury had considered the issue and found against the party moving in arrest. They must pass upon all the matters of defence put in issue substantially, though it may not be formally.

So in *Porter* v. *Rummery*, 10 Mass. 14, the same doctrine is recognized; but it was not necessary for the determination of the case, which was decided upon another point, viz.: That a writ of error in that case would not lie against the defendant, an administrator. But the court say, if the point in issue can be concluded out of the finding, the court will work the verdict into form and make it subserve the justice of the case. In this case, which was ejectment, there were two pleas, first, non tenure as to part and disclaimer of all right therein, on which issue was taken, and, secondly, not guilty as to the residue. There

was a general verdict of not guilty, saying nothing of the non tenure.

Now, in this case, there are two issues : first, did the defend· ant promise at all ? and, second, did he promise within six years? Both these issues are upon the allegation of the plaintiff, and verdict is that the defendant did promise in manner and form as the plaintiff hath alleged. In general terms, the finding includes both issues. The jury would not have found damages for the plaintiff, unless they had found not only that the defendant promised, but that he promised within six years. And it may properly be said here, as in the case of *Porter* v. *Rummery*, that had it been understood at the trial that the finding was restricted to the general issue, it may be presumed that the jury would have been further inquired of as to their finding. The verdict implies a finding as to all promises alleged, and it may well be said of it, that it is certain to a common intent. There can be little ground for saying that both issues cannot be concluded out of this finding, so that the court can make it answer the justice of the case. The jury must have been directed that they could only assess damages upon a promise made within six years, and unless they disregarded the instruction, which is not to be presumed, must have found against the defendant upon that point, to warrant them in assessing damages. In point of fact, the jury, doubtless, as the general practice is where there are several defences, instead of drawing up a verdict upon the several issues, simply return "we find for the plaintiff his damages," when all the defences are found against the defendant ; and for the defendant, if any one of them is found for him ; and so returned a verdict for the plaintiff for his damages which was put in this form by the clerk by mistake.

*Motion overruled, and judgment for the plaintiff on the verdict.*