### Moses Woodward v. Grand Trunk Railway Company.

Replevin will not lie for the mere detention by a common carrier, of goods that came lawfully into his possession.

This is an action of replevin for fifty barrels of flour. The writ is dated Sept. 30, 1864. For the purpose of this trial, the parties agree upon the following facts :

On the 24th of May, 1864, the plaintiff's agent shipped this flour at Chicago, consigned to the plaintiff at Northumberland, N. H. It was carried by a steamboat transportation company from Chicago to Ogdensburg, and thence by another steamboat transportation company to Montreal, where it was delivered to the defendants to be forwarded to destination by rail.

The second carrier, on delivery of the flour to defendants, required the defendants to pay freights and back charges as follows :
Freights and back charges, Chicago to Ogdensburg, $57.50,

| | |
|---|---:|
| American currency; reduced to Canadian currency at 45 discount, or $181.81 premium for gold, | $31.62 |
| Freight, Ogdensburg to Montreal, Canadian currency, | 10.00 |
| Cartage and shipper's charges at Montreal, Canadian currency, | 3.30 |
| Canada currency, | $44.92 |

The defendants paid that sum, as required, in Canadian currency, and carried the flour to Northumberland at their usual tariff rates, of 52 cents per barrel, or $26.00 for the whole.

On arrival of the flour at Northumberland, the defendant's agent demanded of the plaintiff the two foregoing sums (equal to $70.92) as the freight and charges due, and offered to receive for the same $141.84 in American money, at the rate of 200 premium for gold, which was then the current rate at Northumberland. The plaintiff refused to pay that sum, and on the 4th of July, 1864, tendered the sum of $70.92 in American legal tender notes and change. The defendants' agent declining to deliver the flour upon this tender, the plaintiff brought the present suit.

It is agreed that the plaintiff has held his tender good, and is ready to pay the sum tendered.

It is further agreed that defendants may take any advantage, at the hearing, that they might on a trial by jury, and any objection to the form of action or remedy sought by the plaintiff. And either party may have a trial by jury, after the questions arising in this case are settled.

*William Heywood*, for plaintiff.

*Burns & Fletcher*, for defendants.

Bellows, J. The first question is whether replevin can be main-

tained for the detention, the goods having come lawfully into the defendants' possession.

At common law, it is quite clear, that, to maintain replevin, there must be an unlawful taking, with the single exception of a distress of cattle damage feasant, or of chattels for rent in arrear. *Dame* v. *Dame*, 43 N. H. 37, and authorities collected; and the doctrine of the common law is adhered to in New Hampshire, except so far as it has been modified by statute; and accordingly it has been held, prior to our statute, that replevin could not be maintained against a sheriff for property taken by him out of the debtor's possession, either upon mesne process or execution. *Kellogg* v. *Churchill*, 2 N. H. 412; *Smith* v. *Huntington*, 3 N. H. 76; and *Melcher* v. *Lamprey*, 20 N. H. 403. In *Smith* v. *Huntington*, it was held that the action would not lie even where the goods were taken from the possession of the plaintiff upon process against a third person, although it had been decided the other way in New York. *Thompson* v. *Button*, 14 Johns. 84; *Eastman* v. *Maloney*, Strafford county, February, 1822, is cited by *Richardson*, *C. J.*, in *Smith* v. *Huntington*, as having held the same doctrine.

There seems to have been no disposition in our courts to depart from the rule of the common law in this respect; and, indeed, in the recent case of *Dame* v. *Dame*, before cited, on a careful examination of the cases, it is distinctly laid down that it was the rule of the common law that replevin could only be maintained where the original taking was tortious, except in cases of distress damage feasant, and that this rule is in force in this State, except so far as modified by statute; and the only modification is in respect to beasts impounded, and goods attached in mesne process. Comp. Stat. 520.

In *Smith* v. *Huntington*, *Richardson*, *C. J.*, says, that replevin cannot be maintained for goods taken by valid process against the plaintiff, and the reason he assigns for it is that the taking must be deemed lawful.

In the case before us, the goods came into the hands of the defendants lawfully as carriers, and as there is nothing to make them trespassers *ab initio*, the action, we think, cannot be maintained.

There must, therefore, be judgment for the defendants, unless plaintiff desires a trial by jury.

*Judgment for defendants.*