(Decided 20th March, 1872.)

---

SAMUEL GINSBERG and ISAAC OPPENHEIM *vs.* EMILIE POHL, Wife of ANTON POHL, by her next friend, GEORGE H. SPRECKELMEYER.

*Attachment — Custodia Legis — Where Trespass de bonis asportatis will not lie—Priority of Attachments.*

Goods and chattels taken under a valid writ of attachment, whether belonging to the debtor or to a third person, are in the custody of the law, and the owner thereof cannot maintain an action of trespass *de bonis asportatis*, either against the creditor or the officer for attaching the same under a subsequent writ.

Where attachments by way of original process, are laid on the same day, and there is nothing in the officer's return, nor on the face of the proceedings to show a priority in the time of the service, it may be pre-

sumed that they were served at the same time; but if laid at different times on the same day, they will take precedence according to the priority of service.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

*Exception*—The defendants offered five prayers, the first of which was conceded, the third, fourth and fifth were granted, and the second, as follows, was rejected:

If the jury shall find that the goods and chattels mentioned and specified in the schedule offered in evidence in this cause by the plaintiff, were at the time of the levy under the attachment issued at the suit of the defendants, actually in the custody, or in the possession and under the control of the sheriff of Baltimore city, by virtue of prior attachments issued at the suit of other creditors of Anton Pohl, then the plaintiff is not entitled to recover in this action, and the verdict of the jury must be for the defendants.

The defendants excepted to the rejection of their second prayer, and the verdict and judgment being for the plaintiff, they appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT, ALVEY and ROBINSON, J.

*James A. Buchanan* and *Wm. Schley,* for the appellants.

*John H. Ing* and *Milton Whitney,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is an action of trespass *de bonis asportatis,* for the seizure by the appellants, of the goods and chattels of the appellee, under a writ of attachment issued against her husband.

The appellants, defendants below, contend that at the time of the service of their writ, the goods and chattels of the ap-

pellee were in the possession of the officer, under *prior attach-ments,* issued by other creditors against the husband, and being thus *in the custody of* the law, the appellee has no right to bring an action of trespass for the alleged seizure of the same property under a subsequent attachment.

To maintain an action of *trespass de bonis asportatis,* the plaintiff must have either the *possession,* or *the title with the right to immediate possession* of the property taken. Where goods and chattels however are taken by an officer under an attachment, they are in the custody of the law, and the officer holds them to satisfy the plaintiff's demand, or to return them to the owner upon the dissolution of the attachment. Being thus responsible as well to the creditor as to the debtor, the officer is entitled to the possession, and it is well settled that he may maintain an action of *trespass* or *trover* against any one wrongfully interfering with the same. Now it is quite clear, that neither the *actual possession,* nor the *exclusive control* of the same goods and chattels, can be in two persons at the same time, and hence it follows, that when they are once taken under an attachment, the owner thereof has not either the possession, or the title with the right to immediate posses-sion of the same. So long as the attachment lien exists they are in the *custody of the law,* and although they cannot be taken by another officer under a subsequent execution or at-tachment, yet if the latter be directed to the same officer, he may schedule the property already in his possession, and hold the surplus after satisfying the prior executions or attach-ments. In making the levy under the subsequent writs however, he cannot be sued as a trespasser, because the goods and chattels were at the time in his possession under prior writs. The owner may sue him in trespass for the *original taking, i. e.* under the prior writs, or he may sue in *case* for damages sustained by the levy under the *subsequent writs,* so also if instead of taking the goods, he suffers them to remain with the owner after the seizure under the writs. In such a case, so long as the attachment lien exists, the possession of

the owner is the possession of the officer, and although he may schedule the goods under subsequent writs, yet when he actually takes possession of them the law will refer the taking to the prior writs.

But the rule of law is supposed to be different where the officer takes the goods of a person other than the debtor. In *Cromwell, et al., vs. Owings,* 7 *H. & J.,* 55, this Court held that goods taken under an execution are in the custody of the law, and could not be replevied out of the officer's hands, either by a stranger, the lawful owner thereof, or by the defendant in the judgment, and this whether such goods when taken, were in the possession of the defendant or not. The Court say: "The question whether the goods of a stranger taken out of his possession, on an execution against another person, can be replevied out of the hands of the officer, having also been discussed, and being a question in which the public is materially concerned, and therefore proper to be settled, we avail ourselves of this occasion to express our opinion upon the subject. In *Thompson vs. Button,* 14 *Johns.,* 86, and *Clark vs. Skinner,* 20 *Johns.,* 465, it is held that in such a case a replevin will lie." The decisions in these cases were disapproved of by this Court, and it was held that the property whether *wrongfully taken or not,* was in the *custody* of the law, and could not be replevied by the owner, although a stranger to the execution. We are of opinion therefore, that goods and chattels taken under a valid writ of attachment, whether belonging to the debtor or a third person, are in the custody of the law, and the owner thereof cannot maintain an action of *trespass de bonis asportatis,* either against the *creditor* or the *officer* for attaching the same under a *subsequent writ.*

This brings us to the question, as to whether there is any evidence in this case, tending to prove that the property of the appellee, was in the custody of the law at the time of the service of the appellants' attachments.

It seems that on the 12th of November, 1868, two writs of attachment were issued against the husband of the appellee,

one at the suit of Meyer & Co., and the other at the suit of Kaufman, and that on the 14th of the same month, the property of the appellee was attached, scheduled and appraised under the writ of Meyer & Co., and the same property attached, scheduled, but not appraised, under the writ of Kaufman.

On the 14th of November, the appellants' attachment was issued, and laid, and annexed to the schedule, the sheriff makes the following return:

"Being the same goods attached, scheduled and appraised under two prior attachments, issued from this Court at suits of Sigmond T. Meyer, *et al.*, and Adolph Kaufman."

It thus appears that the property in question was attached under the three several writs on the same day, and the next point to determine is whether they were served *simultaneously* or at *different times* on the *same day?* Where attachments, by way of original process, are laid on the same day, and there is nothing in the officer's return, nor on the face of the proceedings, to show a priority in the time of the service, it may be fairly presumed that they were served at the same time; but if laid at different times on the same day, they will take precedence, according to the priority of service, for although as a general rule, the law does not regard fractions of a day, yet this rule is subject to exceptions in cases where it is necessary to ascertain and determine a *priority of right.* It must be admitted that the sheriff's return is quite ambiguous, and when he speaks of the property attached under the writ of the appellants, as being the same goods attached under two prior attachments at suits of *Meyer, et al.* and *Kaufman,* the word *prior* may be construed as referring either to the *issuing* or to the *service* of the same. If to the issuing of the attachments, and the property in question was attached simultaneously under the three writs, then the appellee could sue each of the attaching creditors as trespassers; on the other hand, if the word prior is to be understood as referring to the service of the attachments, and the sheriff had in point of fact

previously attached the property, under the writs of *Meyer and Kaufman*, then the service of the appellants' attachment would not constitute them trespassers. Nor does the testimony of Creamer throw any light upon the question. He says the goods were *taken* from the *premises on the same day*, upon the *several attachments*, but he does not say the writs were *served* at the *same time;* if he had, it would have relieved this case of all difficulty. The prior attachment of the goods under the writs of *Meyer and Kaufman*, is not inconsistent with the removal of the property at a later hour of the same day. For these reasons, we are of the opinion the Court erred in excluding from the jury the question as to whether the goods and chattels, at the time of the levy under the appellants' attachment, were in the custody or in the possession of the sheriff, by virtue of attachments issued and laid *prior thereto,* at the suit of other creditors against the husband, and the prayer of the appellants submitting this question ought to have been granted.

It was suggested, that no injury was done to the appellants by the refusal of this prayer, because under the instructions granted, to entitle the plaintiff to recover, the jury were required to find, that the goods in question were seized and taken from the actual possession of the appellee by the sheriff under the appellants' attachment. This however, we cannot say. They may have been in the actual possession of the appellee when the appellants' attachment was laid and when they were taken, but yet the sheriff may have levied upon the same prior thereto under the attachments of Meyer, *et al.*, and Kaufman, and have left them in the possession of the appellee. Under such circumstances, the *possession* of the *appellee* was the *possession* of the *sheriff*, and neither the sheriff nor the appellant under whom he acted, could be sued by the appellee in an action of trespass *de bonis asportatis*, for a seizure of the same goods by virtue of a subsequent attachment. How far the appellee being in possession, might sue in trespass, another officer, or a stranger, for unlawfully

interfering with the property, is not a question before us in this appeal.

For these reasons the judgment below will be reversed, and a new trial awarded.

*Judgment reversed and*
*new trial awarded.*

(Decided 22d March, 1872 )