THE DELAWARE, LACKAWANNA AND WESTERN RAIL-
ROAD, PLAINTIFFS IN ERROR, v. TOFFEY & HERTOG,
DEFENDANTS IN ERROR.

1. If a verdict be faulty, the court in error may permit the case to stand
over even after argument, to afford an opportunity for amendment in
the court below.
2. If the defect in the record be in mere matter of form, it may be
amended without the intervention of the court below.
3. If the point on which the verdict is given be so uncertain that it can-
not be clearly ascertained whether the jury meant to find the issue or
not, it cannot be helped by intendment. But if the point in issue can
be collected from the finding of the jury, and there is no difficulty in
ascertaining what the jury must have intended, judgment will be en-
tered without remitting the *postea* to the judge who tried the case for
amendment.
4. In an action for injuries resulting from the negligence of the defend-
ant, a nonsuit is only proper when, on the plaintiffs' own showing, it
clearly appears that he contributed, by his own carelessness, to the
accident from which he received the injury.
5. As a general rule, a railroad company is not bound to keep a flagman
at the intersections of its road with public highways, but where, by
reason of the extraordinary danger arising from the location of the
track, a flagman is required, or the company relies on the presence of
a flagman to negative negligence on their part in the running of trains,
whether the conduct of the flagman was proper or not, is a question
depending on the circumstances of each case.

On writ of error to the Hudson Circuit.

For the plaintiffs in error, *Vanatta*, Attorney-General.

For the defendants in error, *M. T. Newbold.*

The opinion of the court was delivered by

DEPUE, J. The defendants in error, as plaintiffs below,
sued to recover the value of a horse and wagon, which were
destroyed by being struck by the engine of the plaintiffs in
error, at the crossing of their railroad over Grove street. The
cause was tried in the Hudson Circuit, and resulted in a ver-

dict for the plaintiffs below, on which this writ of error was brought.

The first error assigned is upon the form of the verdict. The declaration was in case ; plea, not guilty ; verdict, " that the said defendant did undertake and promise, in manner and form as the said plaintiffs hath above thereof complained against them, and they assess the damages of the plaintiffs, by reason of the premises, to $295, over and above their costs," &c.

If a verdict be faulty, the court in error may permit the case to stand over, even after argument, to afford an opportunity for an amendment in the court below. The amendment having been made, and diminution of the record being alleged, a *certiorari* will issue to bring up the record as amended, and the case will be heard on the record as amended. *Mellish* v. *Richardson*, 1 *Cl. & Fin.* 224 ; *S. C. in Common Pleas*, 3 *Bing.* 334 ; *Ib.* 346.; and in *King's Bench on error to the Common Pleas*, 7 *B. & C.* 819 ; *Gregory* v. *Duke of Brunswick*, 2 *H. of L. Cas.* 415 ; *Apgar* v. *Hiler*, 4 *Zab.* 808. Whether this course shall be pursued, is within the discretion of the court in error, upon the circumstances of the particular case. If the defect in the record be in mere matter of form, it may be amended without the intervention of the court below. *Hooper* v. *Lane*, 6 *H. of L. Cas.* 443. That in the case last cited, the amendment was considered within the power of the court, independently of the common law procedure act of 1852, is apparent from the opinions of the judges.

In this case the verdict, as entered on the record, is informal. It is not, in terms, responsive to the issue.

In *Foster* v. *Jackson*, it was said by Lord Chief Justice Hobart " that howsoever the verdict seemed to stray, and conclude not formally or punctually unto the issue, so as you cannot find the words of the issue in the verdict, yet if a verdict may be concluded out of it to the point in issue, the court shall work it into form and make it serve." *Hob.* 54. This case was decided in 1613, before the statute of amendments of 16 and 17 *Car. II.* It has frequently been cited on

this point, and uniformly approved. *Middleton* v. *Quigley*, 7 *Halst.* 354; *Phillips* v. *Kent*, 3 *Zab.* 155; *Browning* v. *Skillman*, 2 *Zab.* 352; *Stewart* v. *Fitch*, 2 *Vroom* 17.

In *Hawks* v. *Crofton*. 2 *Burr.* 698, on error upon a judgment of the King's Bench in Ireland, to a count in trespass *vi et armis*, alleging special damages, the defendant pleaded not guilty as to *vi et armis*, on which issue was joined; and as to the special damages *son assault;* to which plaintiff replied *de injuria*. Upon the trial of these issues, the verdict was that the defendant was "guilty of the trespass within written," with an assessment of damages for £580. On error assigned, that as to the material issue there was no finding by the jury, the court held that there was on the face of the record a substantial finding, though irregular and faulty in form, and affirmed the judgment. Lord Mansfield said that "the principle is just and true, that where the intention of the jury is manifest, and beyond doubt, the court will set right matters of form and the mere act of the clerk," and Denison, J., cited a dictum of Lord Hardwick, "that verdicts are not to be taken strictly without pleadings, but the court will collect the meaning of the jury, if they gave such a verdict, that the court can understand them." In *Thompson* v. *Button*, 14 *Johns.* 84, in replevin, the defendant pleaded : 1. *Non cepit.* 2. An avowry that the goods were the property of one W., and were taken as his property by the defendant as constable, &c. Issue was then taken on these pleas, and on the issue of *non cepit*, the jury found a verdict for the plaintiff, and assessed damages at six cents. Nothing was said in the record as to the issue joined on the avowry. On error the judgment was affirmed, the court saying that "it was very evident that the jury would not have found the defendant guilty upon the general issue, if he had made out his justification according to the avowry. The intention of the jury cannot, therefore, be mistaken, and the omission to enter a verdict, applicable particularly to the second issue, is mere matter of form."

If the point on which the verdict is given be so uncertain that it cannot be clearly ascertained whether the jury meant

to find the issue or not, it cannot be helped by intendment. *Stearns in Error* v. *Barrett*, 1 *Mason* 170.   But if the point in issue can be collected from the finding of the jury, and there is no difficulty in ascertaining what the jury must have intended, judgment will be entered without remitting the postea to the judge who tried the case, for amendment. *Phillips* v. *Kent*, 3 *Zab*. 155–158.

In the present case the plaintiffs, in both counts of their declaration, charge negligence on the part of the defendants and their agents in crossing the street with their train at the time of the injury.   The allegations in the two counts vary only in the particulars of the negligence complained of.   The only plea was the general issue to the whole declaration.   The single issue made by the pleadings was whether the defendants were negligent or in default in the premises.

The bills of exception have put the evidence and the charge of the court entire upon the record.   We have before us in the record everything which was before the judge by whom the cause was tried.   The matters contained therein are sufficient to justify him in amending the record, to make the verdict conform to the issue.   Whether this court cannot amend under the provisions of the forty-sixth section of the Practice Act of 1855, (*Revision, Practice of Law,* § 138,) it is not necessary at this time to decide.   It is sufficient for present purposes that the intention of the jury, in the language of the verdict as it stands on the record, is entirely free from doubt.   That they intended a finding against the defendant, and in favor of the plaintiff, is manifest not only from the language of the verdict, but also from the damages assessed.   To reach that conclusion they must necessarily have determined the only issue in the cause adversely to the defendants.   Their error was only in the matter of form.

The second error assigned is upon the refusal of the court to non-suit.   The ground on which the judge was asked to non-suit was, that the plaintiffs' driver did not exercise reasonable care in approaching the railroad crossing, and that, by his negligence, he had contributed to the injury.

In an action for injuries resulting from the negligence of a

defendant, if, when the plaintiff rests his case, it shall appear, by the evidence he has produced, that his own negligence contributed to the injury, it is the duty of the court to nonsuit, and in such cases error will lie for a refusal to non-suit. *New Jersey Express Co.* v. *Nichols,* 4 *Vroom* 434. But a non-suit is only proper where, on the plaintiff's own showing, it clearly appears that he contributed, by his own carelessness, to the accident from which he received the injury. If the evidence is open to fair debate, and leaves the mind in a state of some doubt on this subject, the case should not be withdrawn from the jury. *Penna. R. R. Co.* v. *Matthews,* 7 *Vroom* 531; *The N. J. R. R. Co.* v. *West,* 4 *Ib.* 430; *The C. R. R. Co.* v. *Moore,* 4 *Zab.* 824.

The driver testified that after he turned out of Newark avenue into Grove street, he stopped his horse about forty feet from the track; that he stopped to see if any locomotive was coming, because he knew it was a dangerous place; that he looked, but could not see anything; that he listened, but did not hear the engine run or the whistle blown; that he looked straight ahead; that he could not look up or down the track, because there were houses on the side. This testimony was in when the motion to non-suit was made, and there were " no conceded or undisputed facts that showed that it could not be true." The non-suit was properly denied.

The third error assigned is upon the instructions to the jury on the same head. The charge was, that the law requires of every one who is approaching a railroad track to listen and look before he crosses; that he must look each way just so far as it is practicable for him to do. If it be practicable to see up and down the track, he is bound to look, but if he could not see, the duty to look, of course, is not required of him. That if the driver discovered the approaching train, it was his duty to stop until it passed, but if he did not discover the train, as perhaps he did not, then the question was still open whether he exercised common care or not.

These instructions were given in view of the testimony of obstructions in the way of vision down the track in the direc-

tion from which the engine approached. The judge had also, in the course of his charge, declared it to be settled law, "that a person approaching a railroad track must use his eyes and ears, and exercise the caution of a reasonably prudent man," and had instructed the jury that if the driver, on this occasion, omitted such precaution, the plaintiff could not recover. The charge on this subject was in all respects correct.

The fourth error assigned is upon the refusal to charge that "as a matter of law, it was the flagman's duty to signal the driver of the cart, without moving from his position between tracks to lay hold of the horse to stop him." There was no error in refusing to make this charge.

As a general rule, a railroad company is not bound to keep a flagman at the intersections of its road with public highways. *Penna. R. R. Co.* v. *Matthews*, 7 *Vroom* 531. Where, by reason of extraordinary danger arising from the location of the track, a flagman is required, or the company relies on the presence of a flagman to negative negligence on their part in the running of the train, whether the conduct of the flagman was proper or not, is a question depending on the circumstances of each case. It is, therefore, obviously a question of fact for the jury, and not of law for the court. A judge may make such comments upon the testimony as he thinks necessary or proper for the direction of the jury in determining the questions of fact which it is their province to determine, but he is not bound to do so. The matter is entirely one of judicial discretion, which is not subject to review in error. *Bruch* v. *Carter*, 3 *Vroom* 554.

There is no error in the proceedings below, and the judgment should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DALRIMPLE, DEPUE, DIXON, KNAPP, REED, SCUDDER, VAN SYCKEL, WOODHULL, CLEMENT, DODD, GREEN, LATHROP, LILLY, WALES—16.

*For reversal*—None.