## LINDAUER v. TEETER.

1. In replevin, where the officer has delivered the goods and chattels to the plaintiff, on a finding of the issues for the plaintiff, he is entitled to recover damages for the taking merely: it is only when the property has been re-delivered to the defendant, pursuant to the tenth section of the act concerning replevin, (*Rev.*, p. 973,) that the plaintiff is entitled to have the value of the property, as well as the damages for the taking and detaining, included in the verdict.
2. In replevin, where the goods had been delivered to the plaintiff on pleas of *non cepit* and property in the defendant, the jury found a verdict "in favor of the plaintiff for the sum of two hundred and twenty-five dollars, for the value of the goods, and for fifteen dollars damages," the judge having requested the jury to find the value of the property in dispute, with a view of determining the question of costs. On motion to set aside the verdict as incongruous, imperfect and upon but one of the issues, *Held*—
   1. That the finding of the value of the goods would be treated as surplusage.
   2. That the court would mould the verdict according to its evident meaning, and treat it as a verdict upon all the issues; and
   3. That the verdict would not be interpreted as a finding that only so much of the property in dispute as was of the value of $225 belonged to the plaintiff, but would be construed as a finding for the plaintiff of property in all the goods and chattels mentioned in the pleadings, and not in part only of them.

3. The affidavit of a juror will not be received for the purpose of impugning or destroying the verdict, or of proving the grounds upon which it was given.

In replevin.    On motion to set aside a verdict.

Argued at February Term, 1879, before Justices DALRIMPLE, DEPUE and SCUDDER.

For the motion, *R. V. Lindabury* and *S. S. Phillips.*

The opinion of the court was delivered by

DEPUE, J.    In replevin for goods and chattels on pleas of *non cepit* and property in the defendant, at the circuit the jury found " a verdict in favor of the plaintiff for the sum of two hundred and twenty-five dollars, for the value of the goods, and for fifteen dollars damages." . On the coming in of the *postea,* application was made to set aside the verdict as incongruous, imperfect and upon but one of the issues.

Upon the execution of the writ of replevin, the goods and chattels were delivered to the plaintiff.    In replevin, where the officer has delivered the goods and chattels to the plaintiff, on a finding of the issues for the plaintiff, he is entitled to recover damages for the taking merely : it is only where the goods and chattels have been re-delivered to the defendant in pursuance of the tenth section of the act concerning replevin, (*Rev., p.* 973,) that the plaintiff is entitled to have the value of the goods and chattels, as well as the damages for the taking and detaining, included in the verdict.    *Boswell* v. *Green,* 1 *Dutcher* 390–394 ; *Fox* v. *Prickett,* 5 *Vroom* 13 ; *Field* v. *Post,* 9 *Vroom* 346.    The judge who tried the case reports that he requested the jury to find the value of the goods, if they found for the plaintiff, with a view of settling the plaintiff's right to costs.    That course was unnecessary, for the value of the property in dispute may be inquired into summarily by the court for the purpose of settling the question of costs, and the amount at which it was appraised upon

the execution of the writ, will be taken to be the value, until the contrary is shown. *Chambers* v. *Hunt, Spenc.* 109. But the jury having found the value of the property and the damages separately, their finding on that subject is mere surplusage, and will not vitiate the verdict. Judgment cannot be entered for the plaintiff on that part of the verdict, but the finding of the jury in that respect will answer the useful purpose of enabling the court to collect the meaning of the jury from the verdict they have given, and to mould it so as to express their intention.

The general rule undoubtedly is that the verdict must comprehend all the issues submitted by the record before a judgment founded on it can be entered. *Middleton* v. *Quigley,* 7 *Halst.* 352. But the verdict need not be expressed formally and precisely in the words of the issues. If there be a substantial finding, so that the meaning of the jury can be ascertained therefrom, the court will mould it into form and give it effect, though it be irregular and faulty in expression. *Phillips* v. *Kent,* 3 *Zab.* 155; *Stewart* v. *Fitch,* 2 *Vroom* 17; *D., L. & W. R. R. Co.* v. *Toffey,* 9 *Vroom* 525. Where, upon a general and a special issue, a verdict is found generally for the plaintiff, and the special plea is such that, if true, the verdict should have been for the defendant, the omission to find upon the special issue is matter of form only, and judgment will be entered for the plaintiff. *Phillips* v. *Kent, supra; Browning* v. *Skillman,* 4 *Zab.* 155. The precedents illustrative of the liberality of intendment adopted by the courts are quite numerous, and are entirely consistent. In *D., L. & W. R. R. Co.* v. *Toffey, supra,* the action was in case for negligence; plea not guilty. The verdict incorporated in the *postea* was " that the defendant did undertake and promise, in manner and form as the said plaintiff has above thereof complained against the defendant, and they assess the damages of the plaintiff, by reason of the premises, at two hundred and ninety-five dollars." On error, a judgment entered on this verdict was sustained, the court saying " the intention of the jury, in the language of the verdict as it stands on the record,

is entirely free from doubt. That they intended a finding against the defendant, and in favor of the plaintiff, is manifest, not only from the language of the verdict, but also from the damages assessed. To reach that conclusion they must necessarily have determined the only issue in the case adversely to the defendant." In *Rees* v. *Morgan*, 3 *T. R.* 349, in replevin, the defendant made cognizance for rent in arrear. The verdict, as entered, was "that the defendant did not, of his own wrong, but for the cause alleged in his cognizance, take the goods and chattels as he lawfully might; and the jury assessed the damages of the defendant, occasioned by the said premises, to £195." The jury did not find either the amount of the rent in arrear, or the value of the cattle distrained, as by the statute they were required to do. On error brought, the defendant was allowed to amend the record by entering a finding of the amount of rent in arrear, and the value of the goods distrained. In granting the application to amend, Lord Kenyon, Ch. J., said : "The amendment prayed for is an inevitable consequence of the finding of the jury; on the premises which the jury have found, no other judgment than that at common law could be entered." In *Thompson* v. *Button*, 14 *Johns.* 84, which was also an action of replevin, the defendant pleaded—1. *Non cepit;* and, 2. An avowry that the goods were the property of one W., and were taken as his property by the defendant, as constable, &c. On the issue of *non cepit*, the jury found a verdict for the plaintiff, and assessed damages to six cents. Nothing was said in the record as to the issue joined on the avowry. On error, the judgment was affirmed, Thompson, Ch. J., saying : "It is evident that the jury would not have found the defendant guilty upon the general issue, if he had made out his justification according to the avowry. The intention of the jury, therefore, cannot be mistaken, and the omission to enter a verdict applicable particularly to the second issue is mere matter of form."

Decisions to the same effect as those above referred to might be cited indefinitely. It is unnecessary to pursue the

subject further. Taking the verdict just as it stands, it is evident that the jury could not have reached the conclusion they reported, without finding both issues for the plaintiff. Rejecting that part of the verdict which finds the value of the property, the intention of the jury is equally plain.

In the brief submitted by the counsel who argued for this motion, it is alleged that the value of the goods was admitted at the trial to have been in the sum of $400. On this, it is contended that the purpose of the jury was to find a part of the goods only to be the plaintiff's property, and that they intended to find that of the goods in dispute, so much of them as were of the value of $225 only, belonged to the plaintiff. To support this contention, they offer nothing but the affidavit of one of the jurors who tried the case. The affidavit of a juror will not be received for the purpose of impugning or destroying the verdict in which he has joined, or of proving the ground of the verdict. *Randall* v. *Grover, Coxe* 151; *Schenck* v. *Stevenson,* 1 *Penn.* 387; *Clark* v. *Read,* 2 *South.* 487; *Den* v. *McAllister,* 2 *Halst.* 46; *Hutchinson* v. *Consumers Coal Co.,* 7 *Vroom* 24. The verdict certainly will not bear that construction. The expression, "for the value of the goods," must be intended to apply to the goods mentioned in the pleadings, and not to part only of them.

If the fact be as alleged by counsel, the proper remedy was to apply to the judge who sat at the trial for a rule to show cause why the verdict should not be set aside as contrary to the evidence.

As the record stands, the *postea* should be amended so as to be responsive to the several issues on the record, and judgment be entered accordingly.